**Daine Irving ABBOTT, et al., Appellants,**

v.

**CITY OF KAUFMAN, Appellee.**

**No. 12–85–0080–CV.**

Court of Appeals of Texas, Tyler.

June 30, 1986.

Robert C. Dunn, Corsicana, for appellants.

Keith Glover, Dallas, for appellee.

BILL BASS, Justice.

The appellants are landowners along Prairie Branch downstream from a water treatment and sewage plant operated by the appellee City of Kaufman (City). The appellants allege a taking and a damaging

of their land because a substantial part is continuously flooded by water discharged from the City's sewage treatment plant. They claim damage to other portions of their property because it is no longer accessible due to the flooding. The appellants also claim the City has created a nuisance. Asserting the defense of governmental immunity, the City moved for summary judgment. We reverse the summary judgment granted the City, and remand the cause to the trial court.

In their original petition the appellants alleged that the City's negligent construction and operation of its sewage disposal plant caused the continued inundation of their land and its invasion by flies, mosquitoes and odors. The City answered asserting the defense of governmental immunity. Then City moved for summary judgment without affidavits or other evidence, maintaining that the pleadings conclusively demonstrated that the appellants' claim was grounded in negligence and that the City was engaged in a governmental function in the operation of the sewage plant and therefore not liable for its negligent acts. Before a hearing on the City's motion, the appellants responded by filing an amended petition deleting any allegation of negligence. In their amended petition, appellants claimed that shortly after the completion of the plant "sewage and filthy water" began to collect on their land, inundating several acres "the full year round" to a depth of up to two and a half feet where it stagnates, serving as a breeding ground for mosquitoes, insects, and snakes. Appellants' amended petition states that the diversion of sewage onto their land has killed grass and trees; it has rendered that portion of their property continuously covered by water completely useless and that the standing water denies them any access to a substantial part of the remainder of their land. Appellants claim the City has persisted in flooding their land despite their repeated complaints. They allege that the City has created "a natural nuisance" endangering their health, and that the City's

conduct constitutes a taking of their property without compensation, violative of their rights under the Texas Constitution. The City subsequently filed its supplemental motion for summary judgment contending that, however the appellants might choose to frame their complaint, all their claims are actually based on the City's alleged negligence, and that the doctrine of governmental immunity protects the City from liability from any cause of action sounding in negligence, whether or not the term "negligence" is used. The trial court granted summary judgment for the City.

When, as in this case, a motion for summary judgment is directed solely to the pleadings, the court must take as true every allegation of the pleading against which the motion is directed. *Labbe v. Carr*, 369 S.W.2d 952 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.); 4 R. McDonald, *Texas Civil Practice* 17.26.8 (rev. 1981). If the pleading, when liberally construed, is sufficient to show a fact issue, the motion must be overruled. 4 R. McDonald, *Texas Civil Practice* 17.26.8 (rev. 1981). Moreover, all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party, and the opposing party is entitled to the benefit of every reasonable inference that can properly be drawn in his favor. *Womack v. Allstate Ins. Co.*, 156 Tex. 467, 296 S.W.2d 233 (1956); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). Appellants' pleadings, when carefully reviewed in this light, do allege a cause of action against the City for a taking or damaging for public use for which Article I, Section 17 of our Constitution requires compensation.

Allegations that have been superseded by amendment are considered abandoned. The amended pleading stands upon its own allegations, unaided by the superseded pleading. 4 R. McDonald, *Texas Civil Practice* § 8.10 (rev.1981). It is the City's contention that, however appellants characterize their cause of action in their

amended pleading, they fundamentally rely on the City's negligence as their basis for recovery. We do not agree. The nature and persistence of the City's acts alleged by appellants are fully as consistent with intentional conduct as with negligence.

■ It is acknowledged that, except insofar as the doctrine has been abridged by the Texas Tort Claims Act, Texas municipalities are immune from tort liability in performing "governmental" as opposed to "proprietary" functions. *City of Tyler v. Ingram*, 139 Tex. 600, 164 S.W.2d 516 (1942). The distinction derives from the proposition that in discharging duties imposed on it by the state for the general benefit, the City's officers are agents of the state, not merely of the municipal corporation, so that the doctrine of respondeat superior does not apply. *Burrill v. City of Augusta*, 78 Me. 118, 3 A. 177 (1886); *City of Amarillo v. Ware*, 120 Tex. 456, 40 S.W.2d 57 (1931).

■ Texas is among the minority of states that hold the construction and operation of a sanitary sewer system to be a governmental function. *City of Wichita Falls v. Robison*, 121 Tex. 133, 46 S.W.2d 965, 966 (1932); *Gotcher v. City of Farmersville*, 137 Tex. 12, 151 S.W.2d 565 (1941); *Bowie v. City of Houston*, 259 S.W. 765 (Tex.Civ.App.—Galveston), *writ ref'd n.r.e.*, 152 Tex. 533, 261 S.W.2d 450 (1953). It is perhaps noteworthy that the leading cases characterizing sewage plant construction and operation as governmental functions and denying liability involved claims for personal injuries negligently inflicted. However, the rule would also effectively bar reparation to property owners whose property was taken or damaged in the exercise of a governmental function but for the protection of private property mandated by Tex.Const.art. I, § 17:

> "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made unless by the consent of such person...."

Our courts have consistently rejected as inapplicable the municipality's plea of governmental immunity when a constitutional claim for compensation is asserted for a taking or damaging of property resulting from the construction of a public improvement. This is the rule in surface water diversion, flooding and sewage system nuisance cases, even though the damages be caused by the discharge of a governmental function.

The case of *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731 (1941), involved a claim resulting from the continual overflow of the Hales' land, causing the state's construction of a highway embankment across Keechi Creek. The plaintiffs' petition alleged two separate causes of action, the first for negligence, the other upon the ground of a taking or damaging of property applied to public use without compensation. The State maintained that highway construction was a governmental function in the performance of which it was immune from tort liability. In sustaining the right of the property owners to recover on their constitutional claim, the Supreme Court warned:

> The liability of the State under Section 17 of Article 1 for taking, damaging or destroying private property for public use, where the authority is properly exercised should not be confused with the claim for damages caused by the negligent acts or wrongs committed by its agents or officers.

A long line of cases allows recovery to landowners whose property has been damaged by the construction and operation of sanitary sewer systems. An early but still cited case involving facts very similar to those in this appeal also arose in Kaufman County. *Brewster v. City of Forney*, 223 S.W. 175 (Tex.Comm'n App.1920, judgmt adopted). In 1913 the city of Forney constructed a sewage disposal system in which the city sewage was piped to a septic tank built upon the bank of Mustang Branch, a dry waterway. The discharge from the

septic tank flowed down the branch to the Brewster homestead and collected in filthy, stagnant pools that bred flies and mosquitoes and gave off offensive odors, making their home uninhabitable. The Brewsters sued for permanent damage to their land. The city raised the defense of governmental immunity. The Commission of Appeals confirmed their right to recover under the facts although the case was remanded for retrial on the existence of nuisance. In its opinion the court said as follows:

> If the sewage plant could not be constructed and operated, however compelling the necessity for it, without doing injury to the property of a citizen, then the city, the aggregate of the citizenship, must stand the loss; and the city is bound in law to compensate the citizen for the damage he has suffered by reason of the premises. This is the law of Texas, as it should be.

The case was decided before it was settled that sanitary sewer construction and operation were governmental functions. Later, our Supreme Court decided that a city's disposition of sewage was a governmental function. Nevertheless, in the light of the holding in *Hale*, our courts have continued to cite the case in affirming the right of property owners to compensation for the damaging or taking of their property as a result of the construction and operation of sewage plants.

In *City of Abilene v. Bailey*, 345 S.W.2d 540 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.), the city built a sewage plant across the road from the plaintiffs' farm and proceeded to discharge sewage upon their land causing obnoxious odors and attracting insects, causing a diminution in the value of their farm. The city claimed immunity from liability because it was engaged in a governmental function. In an opinion citing both *Brewster* and *Hale*, the Court held that "under Article I, Section 17 of the Constitution of Texas, it is no defense that a city in damaging the property of a citizen was acting in a governmental capacity...."

In *City of Temple v. Mitchell*, 180 S.W.2d 959 (Tex.Civ.App.—Austin 1944, no writ), the court found that the city's persistent operation of its sewage plant in a manner causing offensive odors and sewer flies to invade Mitchell's nearby home constituted a permanent nuisance. The city's failure to correct the situation for three years, the court said, required the city to compensate the homeowner for the depreciation in the value of his land. Disposing of the city's plea that it was engaged in a governmental function absolving it of tort liability, the court declared "[I]t is now firmly established in this State that where land is injured by the establishment and maintenance of public works, under circumstances which, if one in private enterprise, would constitute an actionable wrong, recovery may be had under Article I, Section 17 of our Constitution...." *Id.* at 962 (citing numerous cases).

*City of Abilene v. Downs*, 367 S.W.2d 153 (Tex.1963), also involved damage arising from the construction and operation of a sewage disposal plant, multiplying mosquitoes and flies and causing obnoxious odors to spread over the plaintiff's farm. The Supreme Court distinguished between the city's immunity from tort liability for nuisance, as such, and its duty under the Constitution to pay compensation for a damaging or taking resulting from the nuisance.

> The rationale of the decision is that a municipality is not guilty of an actionable tort in the fact that its act of constructing and operating a sewage disposal plant results in what would be a private nuisance if operated as a private enterprise; but if the construction and operation of the plant result in a nuisance, such acts of the municipality constitute a damaging or taking of property under Section 17 of Article I of the Texas Constitution.

*Id.* at 159. The Court continued "[t]his is not to say, of course, that the facts must be necessarily characterized in the plead-

ings or findings as a nuisance, but it does mean that the condition and circumstances shown by the evidence and the findings must establish nuisance." *Id.*

Not every damaging of property requires compensation. The Constitution limits compensation to damages "for or applied to public use." If the damage is clearly attributable to negligent acts of the agents of the governmental unit, there is no liability under the rationale that a damaging from unintended and negligent acts results in no benefit to the public. *Texas Highway Dept. v. Weber,* 147 Tex. 628, 219 S.W.2d 70 (1949). Except in isolated instances, judicial decisions have narrowed the meaning of "public use" to those situations in which the damages are incident to the construction and operation of a public work. *Steele v. City of Houston,* 603 S.W.2d 786 (Tex.1980).[1] It is this element that distinguishes the instant case from *Weber* and the other cases relied on by City.

In the Weber case, Highway Department employees started a fire to burn the grass from the shoulders of the road. The fire escaped from the right of way and destroyed the adjoining property owner's hay. The damage did not result from the construction of a public work, but from the negligence of the highway maintenance employees. Holding that, as a matter of law, the damages were not for a public use, the Supreme Court said "[t]he spreading of the fire onto the premises of Weber was purely and solely the result of negligence; in no conceivable way can it be said that the hay crop was taken or damaged for public use." Similarly distinguishable are the two sewage back-up cases which City contends support its position, *City of Texarkana v. Taylor,* 490 S.W.2d 191 (Tex.Civ.

App.—Texarkana 1972, writ ref'd n.r.e.); and *Steele v. City of El Paso,* 417 S.W.2d 923 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.). In the Texarkana cases, the plaintiffs based their cause of action on negligence and obtained a jury finding of negligence. On appeal the plaintiffs conceded that case might have been tried under an erroneous theory of law and should have been brought on the theory of "nuisance resulting from trespass." The Texarkana court had the record of the plaintiffs' evidence before it. Faced with jury findings of negligence on the part of the city of Texarkana, the court obviously felt constrained to apply the doctrine of governmental immunity and render a take-nothing judgment against the plaintiffs. The trial court granted a directed verdict in *Steele v. El Paso.* The appellate court was also convinced that the record demonstrated the damages claimed were the direct result of the negligent acts of an employee in turning off a sewage lift pump which resulted in a back-flow of sewage into Steele's apartment and did not arise from an inherent defect or characteristic of a public work.

It also appears from the opinions in both the Texarkana and El Paso cases that the plaintiffs did not plead a taking or damaging compensable under the Constitution. In order to recover under Section 17 of Article I, the plaintiff must invoke its protection. *Pontarelli Trust v. City of McAllen,* 465 S.W.2d 804, 810 (Tex.Civ.App.—Corpus Christi 1971, no writ). Since the constitutional question was apparently not raised in *Steele* and *City of Texarkana,* there was naturally no discussion of the "public use" requirement. Nevertheless, from the facts presented in the opinions, the results in both cases are consistent

---

1. Plaintiffs in *Steele v. City of Houston* sought damages for the intentional destruction of their home by officers of the Houston Police Department's attempting to recapture three escaped convicts. In reversing a summary judgment granted the city on the basis of governmental immunity, the Supreme Court held that plain-

tiffs had stated a claim under Tex.Const.art. I § 17 and were entitled to the opportunity to make proof that the city's officers, acting with authority or color of authority, set the house on fire and that its subsequent destruction was for a public use.

with the Texas decisions restricting compensation under Section 17 of Article I to only those damages referable to a public use, as that term has been defined in the cases.

■ Abbott and the other appellants in this case alleged a taking or damaging of their property without compensation and without their consent. Their amended petition states facts closely analogous to those cases in which recovery has been allowed. It does not appear from a reading of only the amended petition that their claim is necessarily based upon negligence. The construction of the amended pleading should not be colored by a reading of the abandoned allegations in the superseded pleadings. The trial court erred in rendering summary judgment for the City.

The cause is reversed and remanded.