The CITY OF ABILENE,
Texas, Appellant,

v.

Nelda SMITHWICK and the Estate of
Joe D. Smithwick, Deceased,
Appellees.

No. 11–86–076–CV.

Court of Appeals of Texas,
Eastland

Dec. 18, 1986.
Rehearing Denied Jan. 15, 1987.

Diane Callander, Asst. City Atty., Abilene, for appellant.

Don Anderson, Whitten, Haag, Hacker, Hagin & Cutbirth, Abilene, for appellees.

## OPINION

RALEIGH BROWN, Justice.

Nelda Smithwick and the Estate of Joe D. Smithwick, Deceased sued the City of Abilene, seeking damages both to their property and for personal injuries as a result of raw sewage flowing into the Smithwick's home from the City's sanitary sewer main. Alternative theories of recovery included: (1) a taking, damaging, or destroying under Article I, Section 17 of the Texas Constitution; (2) negligence of the City in operating its sanitary sewer system; and (3) negligence based upon the application of the doctrine of res ipsa loquitur. The City answered by denying liability and asserting the defenses of limitations and governmental immunity. Judgment was entered for Smithwick, based on the jury's verdict, which awarded $36,000 in actual damages, $63,000 in consequential damages, and $2,500 for mental anguish. The City appeals. We reverse and render.

Prior to May 1977 Smithwick utilized a septic tank system to dispose of household sewage. At that time she employed a plumbing contractor to connect the house to the City's sanitary sewer system. The City issued a permit for the connection. It inspected the construction of the sewer line from the house to the sewer main and the connection to the sewer main. Afterwards, during periods of significant rainfall, storm water would enter the City's sanitary sewer system and cause raw sewage to flow backwards up Smithwick's service line. Commodes would overflow, sewage would back up into the bathtubs, and at times sewage would flow throughout the house. Raw sewage and water ran underneath the foundation of the house and formed a "lake" in the backyard. Smithwick finally moved from the house in May 1982 and filed suit on November 12, 1982.

The City urges eight points of error. We hold that the City's sixth and eighth points of error are dispositive of the case.

■ The City's sixth point of error asserts that the trial court erred in overruling its motion for judgment notwithstanding the verdict because there was no evidence to support a judgment based on the theory that a "taking" of property occurred in contravention of TEX.CONST. art. I, sec. 17.[1] A motion for judgment notwithstanding the verdict should be granted if there is no evidence upon which the jury could have made the findings relied upon. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 931 (Tex.1983); *Dodd v. Texas*

---

1. TEX. CONST. art. I, sec. 17 states that:
 No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof.

*Farm Products Company,* 576 S.W.2d 812, 814 (Tex.1979). In considering such motion, the trial court and this Court must view all the evidence in a light most favorable to the jury's verdict and indulge every reasonable intendment in its favor. *Williams v. Bennett,* 610 S.W.2d 144 (Tex. 1980); *U.S. Fire Insurance Co. v. Twin City Concrete, Inc.,* 684 S.W.2d 171, 173 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Transport Insurance Company v. Liggins,* 625 S.W.2d 780, 783 (Tex.App.— Fort Worth 1981, writ ref'd n.r.e.).

■ To recover under the theory that property has been "taken" under TEX. CONST. art. I, sec. 17, Smithwick must have established that: (1) the State *intentionally* [2] performed certain acts; (2) which resulted in a "taking" of her property; (3) for *public use.* See *Steele v. City of Houston,* 603 S.W.2d 786, 788–92 (Tex.1980); *State v. Hale,* 136 Tex. 29, 146 S.W.2d 731, 736 (1941); *Abbott v. City of Kaufman,* 717 S.W.2d 927, 932 (Tex.App.—Tyler 1986, no writ).

In *Texas Highway Department v. Weber,* 147 Tex. 628, 219 S.W.2d 70 (1949), the plaintiff, as is true in the instant case, sought recovery under TEX.CONST. art. I, sec. 17, alleging that his hay crop had been "taken or damaged" when a fire set by Texas Highway Department employees spread to the crop and destroyed a substantial part of it. There was a specific finding by the trial court that the damages were the result of Highway Department employees' negligence. The Court, in discussing the concept of a constitutional "taking" of property, stated that:

Under the facts of this case, the cause of action is simply one sounding in tort. The Highway Department employees were engaged in the maintenance of the highway at the time they set the fire that caused the damage to respondent's hay crop. They were engaged in the discharge of a mandatory, governmental

duty. There was no authorization or necessity for them to cause damage to adjoining property by reason of burning the grass on the shoulders of the highway. The damage occasioned by the fire was not necessarily an incident to, or necessarily a consequential result of, the act of the employees in clearing the grass from the highway. *The spreading of the fire onto the premises of Weber was purely and solely the result of negligence; in no conceivable way can it be said that the hay crop was taken or damaged for public use.* To hold otherwise would be, in effect, to establish a principle of law that the state is responsible for all injuries or damages occasioned by its agents in the negligent performance of their official duties. It is true, and unfortunately so, that respondent has suffered damage to his property. One's normal reaction is that he should be compensated therefor. On the other hand, the doctrine of the non-suability of the state is grounded upon sound public policy. If the state were suable and liable for every tortious act of its agents, servants, and employees committed in the performance of their official duties, there would result a serious impairment of the public service and the necessary administrative functions of government would be hampered. (Emphasis added)

See also, *Steele v. City of Houston,* 603 S.W.2d at 790–91; *City of Abilene v. Burk Royalty Company,* 470 S.W.2d 643, 646 (Tex.1971); *Dallas County Flood Control District v. Benson,* 157 Tex. 617, 306 S.W.2d 350, 351 (1957); *State v. Hale,* 146 S.W.2d at 737; *Abbott v. City of Kaufman,* 717 S.W.2d at 932; *Sears v. Colorado River Municipal Water District,* 487 S.W.2d 810, 812 (Tex.Civ.App.—Eastland 1972, writ ref'd n.r.e.); *Ivey v. City of Temple,* 415 S.W.2d 542, 543 (Tex.Civ.App. —Austin 1967, writ ref'd n.r.e.); *Sinclair Pipe Line Company v. Lipscomb,* 308

---

**2.** The Supreme Court has recognized that proof of a nuisance might also allow a plaintiff to recover under TEX. CONST. art. I, sec. 17. *Steele v. City of Houston,* 603 S.W.2d at 791; *City*

*of Abilene v. Downs,* 367 S.W.2d 153, 158 (Tex. 1963). However, Smithwick neither pled nor proved such a theory of recovery.

S.W.2d 584, 586 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.).

■ In the instant case, there is a specific jury finding that the backing up of sewage into Smithwick's house was due to the "negligence of the City, its agents and/or servants and/or employees." There is no evidence that the City *intentionally* took Smithwick's property for *public use.* The trial court, therefore, erred in not sustaining the City's motion for judgment notwithstanding the verdict on such issue. The City's sixth point of error is sustained.

The City contends in Point of Error No. 8 that the two-year statute of limitations for personal injury and property damages bars Smithwick's negligence claims and, therefore, the City's motion for judgment notwithstanding the verdict should have been granted. We agree. TEX.REV.CIV. STAT.ANN. art. 5526 (Vernon 1958), repealed by act of 1985, ch. 959, 69th Leg., effective September 1, 1985,[3] provided that a cause of action for property damage and personal injuries must commence within two years after the cause of action shall have accrued. In *Bayouth v. Lion Oil Company,* 671 S.W.2d 867 (Tex.1984), the Supreme Court stated the rule regarding accrual of permanent damages for limitations purposes:

> An action for permanent damages to land accrues, for limitation purposes, upon discovery of the first actionable injury and not on the date when the extent of the damages to the land are fully ascertainable. *Tennessee Gas Transmission Co. v. Fromme,* 153 Tex. 352, 269 S.W.2d 336 (1954). An action for permanent damages to land must be brought within two years from the time of discovery of the injury. Article 5526, V.A.T.S.

See also *Atlas Chemical Industries, Inc. v. Anderson,* 524 S.W.2d 681, 684 (Tex.1975); *Durden v. City of Grand Prairie,* 626 S.W.2d 345, 348 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.).

■ There were specific jury findings that: (1) the damages to Smithwick's property were permanent; and (2) the first occurrence of property damage and personal injury was on December 15, 1977. Since the first actionable injury occurred more than two years before suit was filed, Smithwick's claims for property damages and personal injuries under negligence would be barred by Article 5526. Likewise, Smithwick's constitutional claims alleging that a "damaging" of her property had occurred would also be barred by Article 5526. *Hudson v. Arkansas Louisiana Gas Company,* 626 S.W.2d 561, 563–64 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.); *Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 823 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *City of Port Arthur v. Bowling,* 551 S.W.2d 155, 157 (Tex.Civ. App.—Beaumont 1977, writ ref'd n.r.e.).

■ Smithwick argues, however, that the City should be estopped from asserting the limitations defense because its conduct allegedly induced her to refrain from commencing suit within the applicable time period. Specifically, Smithwick claims that the City misled her by engaging in fruitless efforts to remedy the problem so that she would not file suit. TEX.R.CIV.P. 94 requires that estoppel be specifically pled before the doctrine is available. *Riley v. Powell,* 665 S.W.2d 578, 581 (Tex.App.— Fort Worth 1984, writ ref'd n.r.e.); *Bowling v. City of Port Arthur,* 522 S.W.2d 270, 273 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). A party asserting estoppel must allege the facts that are essential to the existence of estoppel with particularity and precision; no intendments are made in favor of such a plea. *Concord Oil Co. v. Alco Oil and Gas Corp.,* 387 S.W.2d 635, 639 (Tex.1965); *Rio Delta Land Company v. Johnson,* 475 S.W.2d 346, 350 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n.r. e.). The party relying on estoppel has the burden of tendering special issues in substantially correct form. TEX.R.CIV.P. 279;

---

**3.** Smithwick filed her lawsuit on November 12, 1982. Article 5526 was the statute of limitations applicable to her suit at that time. Article 5526 was amended and recodified at TEX.CIV.PRAC. & REM.CODE sec. 16.003 (Vernon 1986), effective September 1, 1985.

*Estate of Blardone v. McConnico,* 604 S.W.2d 278, 282 (Tex.Civ.App.—Corpus Christi), writ ref'd n.r.e., 608 S.W.2d 618 (Tex.1980). In the instant case Smithwick neither pled nor submitted any issues regarding estoppel. In failing to do so, Smithwick waived the doctrine. The City's eighth point of error is sustained.

We hold that Smithwick's property damage, personal injury, and constitutional "damaging" claims are barred by the two-year statute of limitations and that there is no evidence to support the jury finding of a "taking" under the Texas Constitution. Accordingly, the judgment of the trial court is reversed, and judgment is rendered that Smithwick take nothing.