**WOODSON LUMBER COMPANY, Appellant,**

v.

**CITY OF COLLEGE STATION, Texas, et al., Appellees.**

No. 01–87–01078–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 23, 1988.

Robert B. Harris, Bryan, for appellant.

Cathy Locke, City Atty., College Station, for appellees.

Before DUGGAN, LEVY and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from the granting of a summary judgment for the City of College Station against Woodson Lumber Company.

Woodson sued the City claiming damages based on inverse condemnation and denial of due process arising from the city council's refusal to approve proposed subdivision plats.

Woodson owns 6.25 acres of land located within the city limits of College Station. It planned to subdivide this tract of land into lots for sale for the construction of single family residences. In 1973, Woodson obtained approval of a plat but never filed it.

In 1977, Woodson contracted to sell the property to Bee Creek Corporation. The sale was contingent upon the city council's approving a plat authorizing a higher housing density per acre than the previously approved plat. Several subsequent plats requesting a higher density were submitted but were denied by the city council. At each of the meetings at which the council

considered and denied the proposed plats, citizens living near the 6.25 acre tract appeared and objected, claiming that the development would overload the sewer system and cause drainage problems.

Appellant contends that the city council's wrongful refusal to approve the higher density plats deprived it of an opportunity to sell the property when there was an active market for it and that the refusal amounted to a taking of the property by the City, for a public purpose, without compensation to appellant.

Appellant argues that the council's actions were arbitrary, capricious, and unreasonable and as such were not a valid exercise of its police power. As a result of the above, appellant claimed that it was entitled to recover for "inverse condemnation" under Tex. Const. art. I, §§ 17, 19 and under 42 U.S.C. § 1983 (Wst 1983).

In their motion for summary judgment, appellees claimed that appellant's petition stated no cause of action and that any claims were barred by the statute of limitations. Appellant's response denied appellees' right to summary judgment. We will not discuss the City's limitation claim because appellant's claim for inverse condemnation was not barred by limitations, which is 10 years. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816 (Tex.Civ.App.— Corpus Christi, 1978, writ ref'd n.r.e.).

In two points of error, appellant claims that the court erred in granting the summary judgment because appellees' proof was legally insufficient to support the allegations in appellees' motion.

Texas Const. art. I, § 17 provides in part: No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by consent of such persons....

A wrongful taking of property by a governmental agency without payment and without compensation is generally referred to as inverse condemnation. To recover under the theory that property has been taken under Tex. Const. art. I, § 17, the property owner must establish that: 1) the

government entity intentionally performed certain acts; 2) that resulted in a taking of the property; 3) for public use. *City of Abilene v. Smithwick*, 721 S.W.2d 949, 951 (Tex.App.—Eastland 1986, writ ref'd n.r.e.).

The undisputed evidence shows that in 1973, the city planning commission gave its final approval to a submitted plat calling for 18 single unit dwellings to be placed on the 6.25 acre tract. The City stipulates that appellant is still entitled to place 18 single unit dwellings on the property. All subsequent submitted plats requested that the density be raised to 25 units on the tract.

Our initial question is whether the council's refusal to approve the plats proposing a density of 25 units on the 6.25 acre tract constituted a taking under Tex. Const. art. I, § 17.

A taking includes any direct invasion of a property right. *Kirschke v. City of Houston*, 330 S.W.2d 629, 632 (Tex.Civ. App.—Houston 1959, writ ref'd n.r.e.), *disapproved, holding City of Austin v. Teague*, 570 S.W.2d 389 (Tex.1978). A direct physical invasion of property is not required under the constitution before a landowner may be entitled to damages for the taking or damaging of his property. *Dupuy v. City of Waco*, 396 S.W.2d 103, 108 (Tex.1965). Even if a taking is made under governmental authority generally considered as police power, that is not an absolute bar to the right of recovery by one who has his property taken for a public use. *City of Austin v. Teague*, 570 S.W.2d 389, 391 (Tex.1978); *Dupuy v. City of Waco*, 396 S.W.2d at 107.

To recover under the theory that property has been taken within the meaning of Tex. Const. art. I, § 17, the owner must establish that the acts alleged resulted in a taking of the property for a public use. *City of Abilene v. Smithwick*, 721 S.W.2d at 951.

For example, in *City of Austin v. Teague*, 570 S.W.2d at 394, Justice Pope writing for the Court, said that the City's denial of a waterway permit in order to preserve a scenic easement amounted to a taking because it singled out the plaintiff to bear all

of the cost for the community benefit, without distributing the cost among the members of the community.

■ Other authority suggests that a "taking" that would authorize an award of money damages usually requires evidence that independently shows that the governmental entity intended to accomplish an eminent domain objective under the guise of police power. McManara, *Inverse Condemnation: A "Sophistic Miltonian Serbonian Bog,"* 31 Baylor L.Rev. 443 (1979).

The evidence in our case, as well as appellant's contention in its brief, show that the city council refused to approve the plats because of the adjacent landowner's protestations that approval would result in an overloading of the sewer and drainage system and cause damage to their property. There was evidence to the contrary, but that makes no difference in our case because it was the council's duty, in the exercise of its police power, to approve or disapprove the plat. Sufficiency of the evidence to support its decision is immaterial to the issue in our case.

There is nothing in the record to indicate that the City was attempting to obtain a benefit for the public at large, which should have been accomplished by eminent domain. Nor is there any evidence to suggest that, as a result of the council's decision, a benefit would inure to the general public.

■ It is the council's duty, acting in its quasi-judicial exercise of police power, to approve or disapprove a plat, taking into consideration the effect of an approval or disapproval on the public health, public morals, or the public safety. *City of Round Rock v. Smith,* 687 S.W.2d 300 (Tex.1985). Although the council's refusal to approve a plat proposing a density higher than the council believes the area is able to support might decrease the value of the property, it, alone, does not constitute a taking for which a suit in damages for inverse condemnation will lie.

■ We are of the opinion that a refusal in our case to allow the higher density does not amount to a taking of appellant's prop-

erty for a public purpose. The council was exercising its discretionary powers of a public nature embracing judicial or legislative functions, and as such, was governmentally immune. *City of Round Rock v. Smith,* 687 S.W.2d at 302, 303 (Tex.1985).

■ The refusal to allow a landowner compensation in a case such as ours does not leave the landowner without a remedy. If a landowner believes the City's action is arbitrary, then it may obtain relief by mandamus or mandatory injunction requiring the City to approve the plat. *Kirschke v. City of Houston,* 330 S.W.2d at 631. (Mandamus relief originally was sought in our case, but abandoned. Because of existing economic conditions, appellant would be unable to obtain an adequate price for the tract even if the higher density were now approved.)

Appellant also claims that there are three disputed fact issues that would preclude summary judgment:

(1) whether the appellant could subdivide the lot under the 1973 plat;

(2) whether there was a taking for a public purpose; and

(3) whether the city council's actions were arbitrary and capricious.

None of these disputes contained a fact issue that would preclude summary judgment.

Whether appellant could subdivide the lot under the 1973 plat is not a material issue in this case. Appellant's complaint is that the City refused to approve the proposed high density plat, not that the City refused to approve it for any residential use of the property. Appellant has never applied for a building permit or attempted to use or sell the property for a use conforming with the 1973 plat. Its entire suit is based on an alleged lost opportunity to sell the tract because the city council would not approve the proposed plats authorizing 25 housing units on the 6.25 acre tract.

■ Nor is "taking" a fact issue. Whether there was a taking is a question of law. *Dupuy v. City of Waco,* 396 S.W.2d at 110.

Whether the City's actions were arbitrary and capricious are fact issues, but they are not material to this case because, even if the actions were arbitrary and capricious, the actions did not result in a taking for a public use, a necessary element of appellant's cause of action.

Appellant also claims deprivation of substantive due process and violation of its rights under 42 U.S.C. § 1983. The record dispels any basis for a cause of action under that section. The courts have recognized the authority of a municipality, through zoning or other ordinances, to control development within the municipality and to disapprove such development if it would adversely affect the public health, safety, or morals. *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1200, n. 26 (5th Cir.1981), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); *Lombordo v. City of Dallas*, 124 Tex. 1, 73 S.W.2d 475 (1934).

Appellant's additional claims of deprivation of procedural due process are based on the city council's failure to disclose the information it considered in making its decision not to approve the plats. It argues that the City violated Loc.Gov't Code Ann. § 212.009 (Vernon Pamp.1988). That statute provides: "On request of an owner of an affected tract, the authority shall certify the reasons for the action taken on an application."

The record contains no evidence that appellant ever requested the city council to furnish such information, nor did it ask the trial court to require the City to furnish the information. The City was required to furnish the information only if requested by the owner. This complaint is waived.

The final question in our case is whether summary judgment was properly granted before allowing appellant an opportunity to amend its pleadings. Generally, a plaintiff should be allowed the right to amend if the judgment is based on the plaintiff's failure to state a cause of action. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). However, if the facts alleged establish the absence of a cause of action, summary judgment is proper. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex. 1972).

Appellant's two points of error are overruled.

The judgment is affirmed.