**SABINE RIVER AUTHORITY OF TEXAS, Appellant,**

v.

**Paul HUGHES, et al., Appellees.**

No. 09–02–038 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 20, 2002.

Decided Dec. 5, 2002.

---

Elizabeth B. Pratt, Mehaffy & Weber, Beaumont, John C. Smith, Mehaffy & Weber, Orange, for appellant.

---

Sid S. Stover, Seale, Stover, Bisbey & Morian, Jasper, for appellees.

Before WALKER, C.J., BURGESS and CORNELIUS *, JJ.

## OPINION

DON BURGESS, Justice.

This appeal arises from a judgment entered against the Sabine River Authority on a claim of inverse condemnation. Appellees filed suit against the Authority for inverse condemnation, negligence, gross negligence and nuisance. The trial court granted summary judgment in favor of appellees on their inverse condemnation claim and found there was a "taking" as a matter of law. The trial court denied the Authority's motion for summary judgment on the claim of inverse condemnation but granted its motion on the claims for negligence, gross negligence and nuisance.[1] A jury trial was had solely on the issue of damages and the trial court entered a judgment in accordance with the jury's verdict.

The Authority appeals raising numerous issues. In its first and second issues, the Authority respectively contends the trial court erred in granting appellees' motion and denying its motion on the inverse condemnation claim. We agree for the reasons set forth below.

Article I, section 17 of the Texas Constitution provides in part that no person's property is to be taken for or applied to public use without adequate compensation being made, unless by the consent of such person. TEX. CONST. art. I, § 17. In order to recover under the theory that property has been taken un-

---

* The Honorable William Cornelius, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

1. Appellees do not contest the trial court's grant of summary judgment in favor of the Authority on those claims.

der this section of the Constitution, plaintiff must establish that the governmental entity intentionally performed certain acts that resulted in a "taking" of one's property for public use. *City of Houston v. Crabb*, 905 S.W.2d 669, 673 (Tex.App.-Houston [14th Dist.] 1995, no writ). "Whether a 'taking' has occurred under inverse condemnation is a question of law." *Bennett v. Tarrant County Water Control and Improvement Dist.*, 894 S.W.2d 441, 448 (Tex.App.-Fort Worth 1995, writ denied). *Wickham v. San Jacinto River Authority*, 979 S.W.2d 876, 880 (Tex.App.-Beaumont 1998, pet. denied).[2]

We find the trial court erred in finding a taking occurred as a matter of law because the summary judgment evidence does not establish the Authority's intentional act of releasing water from the reservoir "resulted" in a taking. *See City of Abilene v. Smithwick*, 721 S.W.2d 949, 951 (Tex.App.-Eastland 1986, writ ref'd n.r.e.). The Authority submitted summary judgment evidence that the flow into the reservoir was 385,000 cubic foot per second (cfs) while outflow, at its peak, was only 117,644 cfs. Therefore, as in *Wickham*, the Authority never released more water than was entering the reservoir via rainfall. *See Wickham*, 979 S.W.2d at 883. Furthermore, the deposition testimony of Donnie Henson makes it clear that the water being released from the reservoir was not flowing directly onto appellees' property but into the Sabine River, via various man-made channels. The released water entered the Sabine River and mixed with water from Toro Bayou, running out of Louisiana into the Sabine, before overflowing the banks of the Sabine causing flooding. In accordance with *Wickham*, we find this is sufficient summary judgment evidence to negate the "taking" element in appellees' inverse condemnation claim. *Id.* at 883.

The belief contained in the affidavits of four property owners attributing the flooding to the release is conclusory and not competent summary judgment evidence. *Id.* at 883. It fails to raise a fact issue with regard to the taking element.

Accordingly, we find the trial court erred in granting appellees' motion for partial summary judgment and in denying the Authority's motion on the inverse condemnation claim. Issues one and two are sustained. As it would afford the Authority no greater relief, we do not address its remaining issues.

The judgment of the trial court is reversed and judgment is rendered in favor of the Sabine River Authority. Accordingly, it is ordered that appellees take nothing.

REVERSED AND RENDERED.

**2.** I dissented in *Wickham* and argued the analysis in *Golden Harvest Co., Inc. v. City of Dallas*, 942 S.W.2d 682 (Tex.App.-Tyler 1997, writ denied) should be followed. However, I recognize and accept the concept of *stare decisis;* therefore, *Wickham* should be followed here.