In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-038 CV


____________________



SABINE RIVER AUTHORITY OF TEXAS, Appellant



V.



PAUL HUGHES, ET AL, Appellees






On Appeal from the 1st District Court


Newton County, Texas


Trial Cause No. 10,788






O P I N I O N


 This appeal arises from a judgment entered against the Sabine River Authority on
a claim of inverse condemnation. Appellees filed suit against the Authority for inverse
condemnation, negligence, gross negligence and nuisance. The trial court granted
summary judgment in favor of appellees on their inverse condemnation claim and found
there was a "taking" as a matter of law. The trial court denied the Authority's motion for
summary judgment on the claim of inverse condemnation but granted its motion on the
claims for negligence, gross negligence and nuisance. (1) A jury trial was had solely on the
issue of damages and the trial court entered a judgment in accordance with the jury's
verdict. 

 The Authority appeals raising numerous issues. In its first and second issues, the
Authority respectively contends the trial court erred in granting appellees' motion and
denying its motion on the inverse condemnation claim. We agree for the reasons set forth
below.


 Article I, section 17 of the Texas Constitution provides in part that no
person's property is to be taken for or applied to public use without adequate
compensation being made, unless by the consent of such person. Tex.
Const. art. I, § 17. In order to recover under the theory that property has
been taken under this section of the Constitution, plaintiff must establish that
the governmental entity intentionally performed certain acts that resulted in
a "taking" of one's property for public use. City of Houston v. Crabb, 905
S.W.2d 669, 673 (Tex.App.--Houston [14th Dist.] 1995, no writ). 
"Whether a 'taking' has occurred under inverse condemnation is a question
of law." Bennett v. Tarrant County Water Control and Improvement Dist.,
894 S.W.2d 441, 448 (Tex.App.--Fort Worth 1995, writ denied). 

Wickham v. San Jacinto River Authority, 979 S.W.2d 876, 880 (Tex. App.--Beaumont
1998, pet. denied). (2)

 We find the trial court erred in finding a taking occurred as a matter of law because
the summary judgment evidence does not establish the Authority's intentional act of
releasing water from the reservoir "resulted" in a taking. See City of Abilene v.
Smithwick, 721 S.W.2d 949, 951 (Tex. App.--Eastland 1986, writ ref'd n.r.e.). The
Authority submitted summary judgment evidence that the flow into the reservoir was
385,000 cubic foot per second (cfs) while outflow, at its peak, was only 117,644 cfs.
Therefore, as in Wickham, the Authority never released more water than was entering the
reservoir via rainfall. See Wickham, 979 S.W.2d at 883. Furthermore, the deposition
testimony of Donnie Henson makes it clear that the water being released from the reservoir
was not flowing directly onto appellees' property but into the Sabine River, via various
man-made channels. The released water entered the Sabine River and mixed with water
from Toro Bayou, running out of Louisiana into the Sabine, before overflowing the banks
of the Sabine causing flooding. In accordance with Wickham, we find this is sufficient
summary judgment evidence to negate the "taking" element in appellees' inverse
condemnation claim. Id. at 883. 

 The belief contained in the affidavits of four property owners attributing the
flooding to the release is conclusory and not competent summary judgment evidence. Id.
at 883. It fails to raise a fact issue with regard to the taking element.

 Accordingly, we find the trial court erred in granting appellees' motion for partial
summary judgment and in denying the Authority's motion on the inverse condemnation
claim. Issues one and two are sustained. As it would afford the Authority no greater
relief, we do not address its remaining issues.

 The judgment of the trial court is reversed and judgment is rendered in favor of the
Sabine River Authority. Accordingly, it is ordered that appellees take nothing.

 REVERSED AND RENDERED.





 DON BURGESS

 Justice


Submitted on November 20, 2002

Opinion Delivered December 5, 2002

Publish


Before Walker, C.J., Burgess and Cornelius (3), JJ.
1. Appellees do not contest the trial court's grant of summary judgment in favor of
the Authority on those claims. 
2. I dissented in Wickham and argued the analysis in Golden Harvest Co., Inc. v. City
of Dallas, 942 S.W.2d 682 (Tex. App.--Tyler 1997, writ denied) should be followed.
However, I recognize and accept the concept of stare decisis; therefore, Wickham should
be followed here. 
3. The Honorable William Cornelius, sitting by assignment pursuant to Tex. Gov't
Code Ann. § 74.003(b) (Vernon 1998).