Opinion filed July 11, 2019



**In The**

# Eleventh Court of Appeals

_____

## No. 11-18-00029-CV

_____

## LLOYD HOUGHTON, VICKI JOHNSON, AND MARK A. SMITH, Appellants

## V.

## CITY OF CISCO, TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. CV1644276**

## MEMORANDUM OPINION

This case involves an appeal from the trial court's grant of the City of Cisco's (the City) plea to the jurisdiction. In three issues, Appellants, individuals who leased property on the shores of Lake Cisco, argue that the trial court erred in granting the City's plea to the jurisdiction because (1) Appellants properly pleaded a takings claim against the City, (2) Appellants properly pleaded a waiver of the City's immunity under the Texas Tort Claims Act (the TTCA), and (3) even if the trial

court properly sustained the City's plea, the trial court erred in refusing to grant Appellants an opportunity to amend their petition. Because we hold that Appellants properly pleaded a takings claim, we affirm in part and reverse and remand in part.

*Background Facts*

According to Appellants' second amended petition, Appellants—Lloyd Houghton, Vicki Johnson, and Mark A. Smith—leased property from Appellee, the City, on the shores of Lake Cisco (the Lake). The City owns the Lake as well as the Williamson Dam, which the City uses to control the water level of the Lake. In May 2016, Appellants' properties flooded, resulting in substantial real and personal property damage.

Appellants brought causes of action against the City for the following: (1) constitutional taking/inverse condemnation; (2) failure to repair or remedy; (3) breach of contract; (4) trespass to land; (5) trespass to chattels; (6) private nuisance; and (7) negligence under the TTCA. Appellants claimed that the flooding was the result of the City's intentional pumping of water into the Lake, retention of water within the Lake, maintenance and usage of the Williamson Dam, and operation of the Lake as a public amusement. Appellants alleged that the City pumped water into the Lake despite being on notice of its rising water levels due to rain. Appellants also alleged that the Lake's rising water level prompted the City to issue an evacuation order to Appellants. Nonetheless, the City allegedly continued to pump water into the Lake and did not open the sluice gates on the Williamson Dam. Appellants alleged that the City continued to pump water into the Lake out of a desire to sell excess water to other cities and in order to keep the Lake open for recreation from which the City collected access fees.

Appellants also contended that the City knew of the likelihood and substantial risk of harm to Appellants' property from pumping and retaining excess water in the Lake because the City had previously faced an injunction obtained by a railroad

2

company whose roadbed was damaged by backwater from the Lake. Appellants also pointed to the evacuation order as proof of knowledge.

In response, the City filed a plea to the jurisdiction asserting that Appellants' claims were barred by governmental immunity. Specifically, the City argued that (1) Appellants' claims for failure to repair/remedy, breach of contract/lease agreement, trespass to land, trespass to chattels, and private nuisance were barred because Appellants failed to plead a basis for waiver of immunity; (2) Appellants' claim for inverse condemnation was barred because Appellants failed to, and could not, plead facts sufficient to prove a taking; and (3) the limited waiver under the TTCA does not apply because a failure to use motor-driven equipment (the spillway/sluice gates) does not constitute an operation of motor-driven equipment as required under the waiver exception. The City also argued that, at best, Appellants may have demonstrated that the City was negligent in failing to maintain the sluice gates but stressed that inaction or negligent conduct does not give rise to a takings claim as a matter of law. The City argued that Appellants could not show that the City acted intentionally or knew that its specific actions would damage Appellants' specific property.

Following a hearing on the City's plea to the jurisdiction, the trial court granted the City's plea and dismissed Appellants' causes of action. This appeal followed.

*Analysis*

In three issues on appeal, Appellants argue that the trial court erred in granting the City's plea to the jurisdiction because (1) Appellants properly alleged a takings claim against the City, thereby affirmatively demonstrating the trial court's subject-matter jurisdiction; (2) Appellants sufficiently alleged a waiver of the City's sovereign immunity under the TTCA; and (3) even if the trial court properly sustained the City's plea to the jurisdiction, the trial court should have granted

3

Appellants an opportunity to amend their petition to cure any defects. Conversely, the City argues that the trial court properly granted its plea to the jurisdiction. The City insists that (1) Appellants failed to plead facts which, if accepted as true, would support a takings claim; (2) Appellants failed to plead facts which, if accepted as true, would fall within a waiver of the City's governmental immunity under the TTCA; and (3) Appellants had already been granted an opportunity to replead and, even if afforded an opportunity to replead, could not plead facts sufficient to support a waiver claim. Because we find that Appellants have properly pled a takings claim, we sustain Appellants' first issue and reverse in part. We affirm the trial court's judgment with respect to Appellants' second and third issues.

### I. Plea to the Jurisdiction

Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction unless the State expressly consents to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Because governmental immunity implicates the trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law; thus, we review a trial court's ruling on a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 226.

When a plea to the jurisdiction challenges only the pleading, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* We must accept the allegations in the pleadings as

true and construe them in the plaintiff's favor. *Id.*; *Univ. of Tex. at El Paso v. Esparza*, 510 S.W.3d 147, 154 (Tex. App.—El Paso 2016, no pet.). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction can be granted without allowing an opportunity to amend. *Id.*

If a plea to the jurisdiction challenges the existence of jurisdictional facts, however, "we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227. "If there is no question of fact as to the jurisdictional issue, the trial court must rule on the plea to the jurisdiction as a matter of law." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). "If, however, the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder." *Id.*

Here, the City's plea to the jurisdiction only challenged Appellants' pleadings. The City did not, and has not, presented any evidence challenging jurisdictional facts. Thus, we are required to take Appellants' allegations as true, construe them in Appellants' favor, and determine if Appellants have alleged facts that affirmatively demonstrate jurisdiction. *See Miranda*, 133 S.W.3d at 226.

*II. Issue One – Constitutional Takings Claim*

In Count One of Appellants' second amended petition, Appellants alleged a cause of action against the City for a constitutional takings by inverse condemnation. Article I, section 17 of the Texas Constitution provides in part:

No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person.

TEX. CONST. art. I, § 17(a). Thus, when the government takes private property without first paying for it, the owner may recover damages for inverse condemnation, *Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex. 1992); sovereign immunity does not shield the government from liability for compensation under the takings clause, *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001). Generally, a plaintiff seeking recovery for a taking must prove that (1) the State intentionally performed certain acts, (2) which resulted in a "taking" of the plaintiff's property, (3) for public use. *City of Abilene v. Smithwick*, 721 S.W.2d 949, 951 (Tex. App.—Eastland 1986, writ ref'd n.r.e). The intent element is satisfied if it is shown that the government "(1) knows that a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action — that is, that the damage is 'necessarily an incident to, or necessarily a consequential result of' the government's action." *City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004) (quoting *Tex. Highway Dep't v. Weber*, 219 S.W.2d 70, 71 (Tex. 1949)). A taking cannot be established by proof of mere negligent conduct by the government. *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 554 (Tex. 2004).

Here, Appellants alleged that their "real and personal property" was "substantially harmed and damaged" and that the "damages directly resulted from actions taken by the City of Cisco relating to pumping water into [the Lake], the retention of water within [the Lake], the maintenance and usage of the Williamson Dam, and the City's operation of [the Lake] as an amusement." Appellants further alleged that the City took these "intentional acts" in order to (1) maintain an excess water level in the Lake so that the City could sell the water for a profit and (2) ensure

6

that the Lake could be used for public recreation. Lastly, Appellants alleged that the City had knowledge that its actions were substantially certain to result in harm to Appellants' property as evidenced by the City's issuance of an evacuation order to Appellants and by previous damage that had been inflicted on a railroad company as a result of similar City actions.

Because the City has failed to offer any evidence to the contrary, Appellants' allegations—taken as true—have sufficiently alleged each element of a valid takings claim. *See Miranda*, 133 S.W.3d at 226; *Smithwick*, 721 S.W.2d at 951. Thus, the trial court erred in granting the City's plea to the jurisdiction with regard to Appellants' claim for a constitutional taking by inverse condemnation. We sustain Appellants' first issue.

*III. Issue Two – The Texas Tort Claims Act*

In Appellants' second issue, they argue that the trial court erred in granting the City's plea to the jurisdiction because Appellants sufficiently alleged a waiver of the City's governmental immunity under the TTCA. We disagree.

"The [TTCA] provides a limited waiver of governmental immunity." *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014). The TTCA states:

A governmental unit in the state is liable for:

    (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

        (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

        (B) the employee would be personally liable to the claimant according to Texas law; and

    (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

7

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2019); *see Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015). However, the TTCA does not waive immunity for claims arising from discretionary acts and omissions. *Golden Harvest Co. v. City of Dallas*, 942 S.W.2d 682, 687 (Tex. App.—Tyler 1997, writ denied). Instead, Section 101.056 of the TTCA creates an exception and "precludes liability for claims based upon the failure of a governmental unit or its employees to perform an act that is not required by law." *Id.*; *see* CIV. PRAC. & REM. § 101.056. Specifically, Section 101.056 states:

> This chapter does not apply to a claim based on:
>
> (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or
>
> (2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

CIV. PRAC. & REM. § 101.056. This discretionary function exception to the waiver of governmental immunity is designed to avoid judicial review of governmental policy decisions. *State v. Terrell*, 588 S.W.2d 784, 787 (Tex. 1979); *Golden Harvest*, 942 S.W.2d at 687. A governmental unit is immune from liability if damage or injury results from the formulation of policy. *Golden Harvest*, 942 S.W.2d at 687. Whether a government act is discretionary and within the exception to the waiver of immunity under the TTCA is a question of law. *Id.*; *Bellnoa v. City of Austin*, 894 S.W.2d 821, 824 (Tex. App.—Austin 1995, no writ). However, courts have held that decisions regarding whether or not to release, pre-release, or impound excess water in lakes are policy decisions that do not constitute a waiver of immunity under the TTCA. *See Bennett v. Tarrant Cty. Water Control & Improvement Dist. No. One*, 894 S.W.2d 441, 452 (Tex. App.—Fort Worth 1995, writ denied) (holding that a water district's decisions to not release, or pre-release, water from a lake but,

instead, to impound excess water were policy decisions that constituted "an exception to the wavier of immunity under the [TTCA]").  For example, in *Golden Harvest*, a city's policy not to pre-release water from a lake, "but to keep the lake at maximum elevation level so that a ready supply of water would be available for use by the residents of the City and for sale to other customers" was a discretionary function immune from liability under the TTCA.  942 S.W.2d at 688.

Here, similar to the plaintiffs in *Golden Harvest*, Appellants argue that "the damages to their real and personal property was caused by the [City's] negligent use of the motor-driven pumps and the failure to open the motor-driven sluice gates to reduce the water level of [the] Lake" and that the City increased the water level of the Lake in order to have excess water to sell and so that the Lake could be used for recreational purposes.  *See id.*  Therefore, Appellants argue that the City waived its governmental immunity under the TTCA.  However, as in *Golden Harvest*, we hold that the City's alleged decision to maintain an elevated water level in the Lake and the City's decision not to release water were policy decisions immune from liability under the TTCA.  *See id.*  Likewise, regarding the City's alleged failure to open the Williamson Dam's sluice gates, it "is well settled that mere nonuse of property does not suffice to invoke section 101.021(2)'s waiver."  *Harris Cty. v. Annab*, 547 S.W.3d 609, 614 (Tex. 2018).  Thus, we overrule Appellants' second issue.

*IV. Issue Three – Opportunity to Replead*

Lastly, in their third issue, Appellants argue that, even if the trial court properly sustained the City's plea, the trial court should have allowed Appellants an opportunity to replead.  Appellants contend that, although they amended their petition twice, they did so before the trial court sustained the City's plea.  Appellants argue that they should have been granted an opportunity to amend their petition after the trial court's hearing on the City's plea.  We disagree.

9

As stated previously, when a plea to the jurisdiction challenges the pleading itself, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency. *Brown*, 80 S.W.3d 549 at 555. In that instance, the plaintiff should be afforded the opportunity to amend. *Id.* However, if a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the action. *Sykes*, 136 S.W.3d at 639. "Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id.*

Here, because Appellants' second amended petition satisfies the pleading requirement to state a valid takings claim, Appellants do not need, nor are they entitled to, an opportunity to replead with regards to the takings claim. *See Miranda*, 133 S.W.3d at 231. However, Appellants are also not entitled to an opportunity to replead with regard to their remaining TTCA claims. *See Sykes*, 136 S.W.3d at 639. Appellants were afforded the opportunity to, and did in fact, amend their petition after the City had filed its plea to the jurisdiction. Although Appellants argue that they should have been afforded an opportunity to amend their petition after the trial court had expressed its opinion on the sufficiency of their pleadings, no such right is guaranteed. *See id.* (holding that the appellants, who had amended their petition after a county had filed a plea to the jurisdiction but prior to the trial court's hearing on the plea, were not entitled to an opportunity to replead following the trial court's dismissal of their claims); *Miranda*, 133 S.W.3d at 231. Furthermore, because Appellants' TTCA allegations concern discretionary functions immune from

liability and because Appellants' TTCA claims allege nonuse of motor-driven equipment as a source of liability, Appellants would not be able to cure the jurisdictional defects even if afforded a third opportunity to amend. *See Golden Harvest*, 942 S.W.2d at 687; *Annab*, 547 S.W.3d at 614. Thus, we overrule Appellants' third issue.

*Conclusion*

We reverse the trial court's judgment to the extent that its grant of the City's plea to the jurisdiction dismissed Appellants' takings claim, and we remand this cause to the trial court for further proceedings with respect to that claim. We affirm the trial court's judgment in all other respects.

KEITH STRETCHER
JUSTICE

July 11, 2019

Panel consists of: Stretcher, J.,
Wright, S.C.J.,[1] and Dauphinot, S.J.[2]

Bailey, C.J., and Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

[2]Lee Ann Dauphinot, Senior Justice (Retired), Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.