Odell S. HOLMES, Jr., Appellant,

v.

CANLEN MANAGEMENT CORPORATION, d/b/a Canlen House Apartments, Appellee.

No. 6544.

Court of Civil Appeals of Texas, El Paso.

Aug. 18, 1976.

Odell S. Holmes, Jr., El Paso, for appellant.

Francis S. Ainsa, El Paso, for appellee.

### OPINION

WARD, Justice.

This is an appeal from the granting of summary judgment. The judgment was entered in favor of the defendant-landlord where a tenant had filed suit under Article 5236e V.A.T.C.S. to recover an alleged security deposit made at the time of the lease, a statutory penalty, trebled damages and attorney's fees. We affirm.

The plaintiff, Odell Holmes, pleaded that he became a tenant of the defendant under the terms of a written lease which was attached and made a part of his petition; that he later vacated the premises after giving the required notice as provided by the lease; that after having given proper written demand for the return of his security deposit in the amount of $40.00, it had neither been returned nor properly accounted for. Under the terms of the statute, he then prayed judgment against the landlord for the $40.00 deposit, penalty of $100.00, plus treble the amount of the deposit wrongfully withheld, or a total of $260.00 plus reasonable attorney's fees.

The written lease was on a month to month basis at $165.00 per month. The lease provided that in addition to said rent the tenant agreed to pay "a non-refundable painting and cleaning fee in the sum of $40.00." The defendant filed its answer which included a special exception to the petition because the lease did not disclose that any security deposit was required of the plaintiff in any manner at all; that the provision regarding the non-refundable painting and cleaning fee did not refer to a security deposit; and that the pleading did not disclose any basis for the plaintiff's cause of action. No action was taken on the special exception.

The defendant then filed its motion for summary judgment on the specific grounds that (a) the claimed refund of $40.00 was identified under the lease agreement as "a non-refundable painting and cleaning fee in the sum of $40.00," (b) plaintiff had pleaded a claim to a refund of said sum as a "security deposit" without in any manner showing how said non-refundable fee constituted a "security deposit," and (c) that the pleadings and the interrogatories on file plainly disclosed as a matter of law that the $40.00 claimed by the plaintiff was paid by him as additional consideration for the lease. Plaintiff's opposing affidavit admitted that he paid the $40.00 under the lease as "a non-refundable painting and cleaning fee", but that, even despite its designation, it had as its primary function the securing of full or partial performance of the rental agreement for the rental premises leased by plaintiff.

The plaintiff's two points on appeal are that the trial Court erred in granting the motion since there was a question of fact presented that the fee was a security deposit, and that as a matter of law the non-refundable painting and cleaning fee was a security deposit as defined by law.

The pertinent provisions of Article 5236e are as follows:

"Definitions

"Section 1. * * *

"(1) 'Security deposit' means any advance or deposit of money, regardless of denomination, the primary function of which is to secure full or partial performance of a rental agreement for a (sic) residential premises. 'Security deposit' does not include advance rentals."

"(6) 'Normal wear and tear' means that deterioration which occurs, based upon the use for which the rental unit is intended, without negligence, carelessness, accident, or abuse of the premises or equipment or chattels by the tenant or members of his household, or his invitees or guests."

The statute provides that the security deposits must be refunded by the landlord to the tenant within 30 days after the tenant surrenders the premises; that the landlord must keep accurate records of all security deposits; and in the event of any deductions, they must be itemized fully. Section 3(a) provides that no security deposit may be retained to cover normal wear and tear as defined in Paragraph (6), Section 1, of the Act.

■ Defendant's motion for summary judgment was directed solely to the sufficiency of the plaintiff's pleadings to state a cause of action. Though the defendant refers to its own answers to interrogatories propounded by the plaintiff, they add nothing to the defendant's attack against the plaintiff's pleadings. Even if they were of value, they cannot be considered in support of the defendant's own motion for summary judgment as such answers can be used only against the party answering the interrogatories. Tex.R.Civ.P. 168, *Jeffrey v. Larry Plotnick Co.,* 532 S.W.2d 99 (Tex.Civ.App., Dallas 1975, no writ).

Likewise, the plaintiff's position, as developed from his brief, is that his pleadings are adequate and state a cause of action. His first point is that a factual issue was presented in that there was an ambiguity in the lease as the language "painting and cleaning fee" was merely another way of saying "security deposit." He argues that since security deposit as defined in the statute meant any advance or deposit, regardless of denomination, a jury could determine that it covered this money which would be used only to paint and clean the premises once vacated, and was, therefore, merely securing full or partial performance of the rental agreement. The second point is that as a matter of law the non-refundable painting and cleaning fee should be held as being within the statutory definition of a security deposit.

Undoubtedly, the Legislation in question was designed to curb abuses in regard to the retention of security deposits after termination of a lease. Crafty landlords have overreached their tenants by holding their money during the lease and then claiming a failure of performance to defeat their legal obligation to return the money in an area where the burden of bringing suit, burden of proof and small profit effectively discouraged any adequate recourse.

■ On the other hand, the statute does not attempt to control the rent for the lease. It specifically excludes from its reach all advance rentals, and is only concerned with a deposit which purportedly must be returned to the tenant upon his compliance with the terms of the lease. It is settled that a landlord can agree with his tenant for any amount of compensation for the use of the property. There is no requirement that prohibits the landlord from stating in the agreement the use to which he intends to put this consideration received by him from the tenant. It is said that monies paid on the execution of a lease fall into four classes: (1) an advance payment of rent, (2) a bonus or consideration for the execution of the lease, (3) liquidated damages, and (4) a deposit to secure faithful performance of the terms of the lease. 52 C.J.S. Landlord & Tenant § 472 p. 359.

■ In ruling upon this motion directed to the pleadings, the Court takes as true every allegation of the pleadings against which the motion is directed. If the plead-

ings, when liberally construed, allege material facts sufficient to entitle the pleader to the judgment sought, the motion for summary judgment should be denied. 4 McDonald Texas Civil Practice, Section 17.26.8. From the above, it seems clear that no facts are alleged which would support the liability of the landlord. The words "non-refundable" are plain in meaning. The money was either an advance payment of rent or a consideration for the execution of the lease. The words were not ambiguous, and no contention is made that the Appellant did not understand their meaning. No contention is made in the pleadings, nor in the brief, that the Appellant was in any way misled, or that equitable grounds might exist by which the contract could be reformed. The statute was not meant to cover the clear language contained in this lease, and the Appellant's points are overruled.

We point out that no complaint is made by the Appellant that he should have been afforded an opportunity to amend his pleadings to state a cause of action upon some other theory. The judgment of the trial Court is affirmed.