ACCEPTED
06-15-00060-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/18/2015 10:52:19 AM
DEBBIE AUTREY
CLERK

## NO. 06-15-00060-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/18/2015 10:52:19 AM
DEBBIE AUTREY
Clerk

# STATE OF TEXAS
# COURT OF APPEALS
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

## SHARLEEN WILSON ALLEN, *Appellant*

### v

## BRYON WILSON, *Appellee*

Appeal from the 6th District Court,

The Honorable Eric S. Clifford, Presiding

## BRIEF OF APPELLANT, SHARLEEN WILSON ALLEN

## ORAL ARGUMENT REQUESTED

Charles Cotropia
2001 Ross Avenue
Suite 3600
Dallas, Texas 75201
Phone 214 981-3305
Fax 214 981-3400
ccotropia@sidley.com

Ron Uselton
402 W. Lamar, Ste. 101
Sherman, Texas 75090
Phone 903 893-9624
Fax 903.813.0306
ronuse@aol.com

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), Appellant presents the following list of all parties and names and addresses of counsel:

| Plaintiff/Appellant: | Counsel: |
|---|---|
| Sharleen Wilson Allen | Charles Cotropia<br>Texas Bar No. 04858600<br>2001 Ross Avenue<br>Suite 3600<br>Dallas, Texas  75201<br>Phone 214 981-3305<br>Fax 214 981-3400<br>ccotropia@sidley.com<br><br>Ron Uselton<br>Texas Bar No. 20415775<br>402 W. Lamar, Ste.  101<br>Sherman, Texas  75090<br>Phone 903 893-9624<br>Fax 903 813-0306<br>ronuse@aol.com |

| Defendant/Appellee: | Counsel: |
|---|---|
| Bryon Allen | Donald Johnston<br>Texas Bar No. 10834550<br>306 N. Travis Street, Ste.  102<br>Sherman, Texas 75090<br>Phone 903 891-9840<br>Fax 903 891-4051<br>DJohnston50@verizon.net<br><br>Scott Smith<br>Texas Bar No.18688900<br>120 South Crockett Street<br>P.O. Box 354<br>Sherman, Texas 75091-0354<br>smithlaw@airmail.net<br>Phone (903) 868-8686<br>Fax (903) 870-1446 |

# TABLE OF CONTENTS

STATEMENT OF THE CASE........................................................................................ 1

STATEMENT REGARDING ORAL ARGUMENT.................................................... 1

ISSUES PRESENTED................................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 1

    A.     Introduction................................................................................. 1

    B.     The Facts ..................................................................................... 2

SUMMARY OF THE ARGUMENT ........................................................................ 6

ARGUMENT............................................................................................................ 6

    A.     The Appellee Carries the Burden of Pleading, Proving and Securing Findings to Support His Motion for Summary Judgment.......................................................6

    B.     Appellee's Motion For Summary Judgment Should have been Denied For Failure To Meet The Burden Of Showing that the Appellant's Causes Of Action Did Not Accrue Within the Limitations Period ..........................................7

    C.     Appellee failed to Establish that the Causes of Action Based on Fraud accrued outside the applicable 4 year Statute of Limitations..............................................8

    D.     Appellee's Acts have Caused an Ongoing Ever Increasing Injury that Precludes the Running of either the 4 year or 2 years Statute of Limitations. .......................10

    E.     Appellant was Not Aware of Appellee's Wrongful Recording of the Grayson County Judgment against her Red River County Property and Had No Reason to Be Aware of Same before Commencement of the Limitations Periods...........13

PRAYER FOR RELIEF ........................................................................................... 15

APPENDIX....................................................................................**Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Cases**

Abbott v. City of Kaufman, 717 S.W.2d 927 (Tex.App.-Tyler 1986, no writ) ..........................7, 8

Adler v. Beverly Hills Hosp., 594 S.W.2d 153 (Tex.Civ.App.1980, no writ)..............................13

City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979) ........................................................................................................................7

Cormier v. Highway Trucking Co., 312 S.W.2d 406, 407 (Tex.Civ.App. San Antonio 1958, no writ)............................................................................................10

Creswell Ranch & Cattle Co. v. Scoggins, 39 S.W. 612 (Tex.Civ.App.1897, no writ)..........................................................................................................................12

Delgado v. Burns, 656 S.W.2d 428 (Tex. 1983).......................................................7, 8, 10

Franzetti v. Franzetti, 120 S.W.2d 123 (Tex.Civ.App.1938, no writ) ...........................................13

Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex. 1970)......................................7

Gottlieb v. Hofheinz, 523 S.W.2d 7 (Tex.Civ.App.-Houston 1975, writ dism'd)......................7, 8

Hartnett v. Adams & Holmes Mortgage Co., 539 S.W.2d 181, 184 (Tex.Civ.App. Texarkana 1976, no writ).............................................................................................10

Holmes v. Canlen Management Corp., 542 S.W.2d 199 (Tex.Civ.App.-El Paso 1976, no writ).......................................................................................................................7, 8

Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514 (Tex. 1998)..............................................................................................................................7

Martin v. Phillips Petroleum Co., 455 S.W.2d 429, 436 (Tex.Civ.App. Houston (14th Dist.) 1970, no writ) ..................................................................................................10

Millers Mutual Fire Insurance Co. v. Mitchell, 392 S.W.2d 703, 705 (Tex.Civ.App. Tyler 1965, no writ)..................................................................................10

Missouri-Kansas-Texas Railroad Co., v. City of Dallas, 623 S.W.2d 296, 298 (Tex. 1981).............................................................................................................................14

Peggy Woods, C.R.N.A., v. William M. Mercer, et al., 769 S.W.2d 515, 518 (1988)................................................................................................................................14

Pitts v. Ennis & Reynolds, 1 Tex. 604, 605 (1846) ...................................................................10

Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003) ..........................7

Solares v. Solares, 232 S.W.3d 873, 878 (Tex.App.—Dallas 2007, no pet.) .............................6, 7

Twyman v. Twyman, 790 S.W.2d 819, 821 ...............................................................11, 13

Twyman v. Twyman, 855 S.W.2d 619 (Tex. 1993) ....................................................11, 13

Weaver v. Will, 561 S.W.2d 792 (Tex. 1977) .........................................................6, 7, 14

Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988) ....................................6, 7

Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975)......................................................6, 7

**Statutes**

Civil Practice and Remedies Code, §16 et seq. .............................................................11

Civil Practice and Remedies Code § 16.004....................................................................11

Chapter 16 of the Texas Civil Practice and Remedies Code .........................................11

**Other Authorities**

Tex. Civ. Proc. Rule 166a(c). .....................................................................................10

Tex.R. Civ. P. 94......................................................................................................6, 7, 14

Tex.R.Civ.P. 166a(c) ..................................................................................................7

# **RECORD REFERENCES**

The Court Record is referred to as "CR ___ (page number)."

The Reporter's Record of the hearing on Appellee's Motion for Summary Judgment is referred to as "RR ___ (page number)."

**STATEMENT OF THE CASE**

This appeal is from a Judgment entered August 22, 2015 (Appendix; CR212), by the Honorable Eric S. Clifford, on Appellee's First Motion for Summary Judgment (CR 60-70) and Appellee's Amended First Motion for Summary Judgment (CR 197-207) that Appellant's claims against Appellee were barred by applicable statutes of limitations.

**STATEMENT REGARDING ORAL ARGUMENT**

While Appellant believes that the trial court's error in granting Summary Judgment based on the Statutes of Limitations will be apparent from Appellant's brief, Appellant requests oral argument to address any questions let unaddressed by this brief.

**ISSUES PRESENTED**

1. Did the trial court err in concluding that the 4 year statute of limitations for fraud had run on the date of Appellant's filing of suit on April 8, 2013, when there were unresolved issues of material facts as to the date of accrual of Appellant's causes of action for fraud?

2. Did the trial court err in concluding that the 2 year statute of limitations for unjust enrichment and restitution had run on the date of Appellant's filing of suit on April 8, 2013, when the injury to Appellant under the asserted causes of action is an ongoing every increasing injury caused by Appellee's recordal of a contested judgment against Appellant's real property?

3. Did the trial court err in concluding that the 2 year statute of limitations for unjust enrichment and restitution had run on the date of Appellant's filing of suit on April 8, 2013, when the injury to Appellant under the asserted causes of action resulted from the wrongful recordal of a contested judgment against Appellant's real property, which recordal was not known to Appellant until September 2012?

**STATEMENT OF FACTS**

A. Introduction

Appellant is Sharleen Wilson Allen ("Allen" or "Appellant), a resident of Grayson County. Appellee Bryon Wilson ("Bryon Wilson", "Wilson" or "Appellee") is a resident of Harris County and is Appellant's brother.

This appeal arises out of a suit brought by Appellant against Appellee seeking to recover damages based on fraud, unjust enrichment and restitution for failure of Appellee to make payments on a mobile home for which Appellee obtained title and a recovery for the unpaid balance due on the mobile home. In her suit against Appellee, Appellant contends that in view of a judgment in favor of Appellee awarding Appellee title to the mobile home and a judgment for the unpaid balance due, Appellee became obligated to pay off the balance due which Appellee failed to do.

B.    The Facts

In 2001, Appellant Allen rented to her brother, Appellee Wilson, her 1998 Redman mobile home (herein "Mobile Home") on land located in Grayson County, Texas, such property being located at 745 Yowell Hill Road, Whitewright, Texas  75491 (herein the "Grayson County Property").   At the time, the Grayson County Property was being purchased by Appellant Sharleen Allen and her husband Paul Allen from Appellant's father.   Appellant Allen made monthly payments over many years but did not own the property without lien until 2007.  (CR 121-122, ¶ 5).   The Mobile Home also had an outstanding mortgage held by Green Tree Servicing, LLC (herein "Green Tree").

From 2001 to 2007, Appellee Wilson made infrequent payments on an agreed $600 per month rent of the Mobile Home and made several attempted payments with bad checks.  (CR 121-122, ¶¶ 4, 5).  When Appellee failed to make the required rental payments, Sharleen Allen and Paul Allen sued Appellee in Justice Court for Forceful Entry and Detainer.

In retaliation, and to prevent Appellant from coming onto her property, Appellee obtained a restraining order (herein "Restraining Order") prohibiting Appellant from entering onto the property and also giving Appellee the right to make payments directly to Green Tree for the mortgage due on the Mobile Home. (CR 127-129). The Restraining Order (CR 127-129) was issued against Appellant on August 9, 2007.  Such Order enjoined Appellant "from going onto the property, from taking down and/or removing fences on the property, from placing onto or running cattle or other livestock on the property, and from preventing plaintiff [Appellee Bryon Wilson] from making payment to Green Tree Servicing, LLC, as necessary." (CR 128).  This Restraining Order was in place from August 9, 2007.

At the time of filing for the Restraining Order, Appellee Bryon Wilson filed suit in the 336th District Court, Grayson County, styled Bryon Wilson v. Paul Allen and Sharleen Wilson Allen, District Court, 336th Judicial District, Civil Action No. 07-1451-336 (herein the "Grayson County Civil Action").  (CR 130-136).   In the Grayson County Civil Action, Appellee presented a document dated February 17, 2001 (herein "Contract for Sale"), purportedly between himself and Appellant Sharleen Allen and Paul Allen, to transfer the Grayson County Property, and the Mobile Home thereon, to Appellee contingent upon his payments of $600 per month for eight (8) years.  The purported Contract for Sale was not signed by Appellant Sharleen Allen and contained the forged signature of Paul Allen.  (CR 121-122, ¶¶ 5, 6).  Despite the fact that the $600 monthly payments were only periodically made to Sharleen Allen and Paul Allen and despite the fact that the document was referred to the District Attorney for examination as to a forgery in the Grayson County Civil Action, the trial court issued a Final Judgment on March 7, 2008 (herein the "Grayson County Judgment") to Appellee Bryon Wilson in which Wilson was awarded:

1.    $19,475.99 for anticipatory breach damages;
2.    $8,623.56 for reasonable and necessary attorney's fees;
3.    $400.00 for reimbursement of mediation costs incurred;
4.    Post judgment interest at 7.25% on the total Judgment from the date of Judgment until paid;
5.    Title to the Grayson County Property; and

2

6. Title to Mobile Home including all contents, furnishings, appliances, siding and air conditioning equipment.
(CR 123, ¶ 11; 137-139).

Additionally, the Grayson County Judgment acknowledged that there was a remaining term and balance of $6,800 left owning under the Contract for Sale by Appellee Wilson to Appellant Allen as of February 8, 2008. Instead of requiring Wilson to pay the $6,800 due to Appellant Allen, the Grayson County Judgment provided that Wilson was to deduct that amount from the Judgment damages. Thus, the total monetary award granted in the Judgment was for $21,699. This sum is a result of adding the award components, namely $28,499 (the sum of $19,475.99 for anticipatory breach damages, $8,623.56 for attorney's fees and $400.00 for reimbursement of mediation costs) and subtracting the $6,800 credit to Sharleen Allen as the amount still owning on the purported Contract for Sale. (CR 123, ¶ 11; 137-139).

The anticipatory breach damages in the amount of $19,475.99 were calculated based on the amount due and owning on the Mobile Home. Because the Grayson County Judgment awarded title to the Mobile Home to Wilson, Wilson was awarded $19,475.99 to cover the balance due. Having been awarded $19,475.99 in the Judgment to cover the balance due on the Mobile Home, and receiving title to and use of the Mobile Home, Appellant contends that Wilson became obligated to pay off the outstanding Mobile Home balance. To argue otherwise is to propose that Wilson was entitled to the Mobile Home free and clear of a mortgage and also to a judgment amount of $19,475.99 for the purpose of covering the outstanding mortgage.

Soon after obtaining the March 2008 Judgment, Wilson leased the Mobile Home and Grayson County Property, or negotiated a lease to sell arrangement, with his other sister Monica Wilson Doster who moved into the Mobile Home with her family. (CR 123-124, ¶ 16). Monica Wilson and her family lived in the Mobile Home throughout 2008 vacating it thereafter. (CR 123-124, ¶ 16) During this period, Monica Wilson made payments to Green Tree through a Western Union account. These payments are recorded on a report from Western Union showing monthly payments throughout 2008 toward Account No. 25340364, the account for the Mobile Home. (CR 123-124, ¶ 16). Based on the affidavit testimony of Appellant, (CR 123-124, ¶ 16), and a receipt (CR 162) produced by Appellant, payments were made by Monica Wilson or Appellee on May 1, 2008, June 7, 2008, July 12, 2008, August 16, 2008, September 13 2008, October 25, 2008 and November 11, 2009. (CR 123-124, ¶ 16; 162). The very payment Appellee claimed, in Appellee's Motion for Summary Judgment, to have been made by Appellant to Green Tree on April 4, 2008, is shown by evidence submitted by Appellant to have been paid by Monica Wilson, on Appellee Bryon Wilson's behalf. (CR 123-124, ¶ 16; 162, 164, 198).

After April 4, 2008, the date from which Appellee Wilson claimed he had nothing more to do with the Mobile Home, he pledged both the Grayson County Property and Mobile Home as security for a debt owed he owed to his lawyer, Donald Johnston. In a Deed of Trust dated September 2, 2008 between Appellee Bryon Ray Wilson as Grantor and James A. Fry, Esq., as Trustee, and Law Office of Donald Johnston, as Lender, issued to secure payment of a debt between Bryon Wilson as Grantor and Law Office of Donald Johnston as Lender, the Mobile Home was pledged as security for $8,991.84. (CR 124, ¶ 18; 165-174). Then later, on

September 10, 2010, the Mobile Home was again the subject of a release of the lien. (CR 122, ¶ 8; 175-178).

Although Wilson was obligated to pay off the Mobile Home mortgage, he failed to do so and never communicated his intentions to Appellant. (CR 125-126, ¶¶ 24, 25). His failure resulted in the issuance of a default notice February 2, 2009. (CR 125, ¶ 21; 179). However, the Mobile Home was not repossessed until after issuance of a Notice of Sale to Appellant from Green Tree date August 24, 2009 (CR 125, ¶ 22; 180-181), within the 4 year statute of limitations period. At any time up to and even after the actual repossession after August 24, 2009, Appellee Bryon Wilson could have and was obligated to pay off the mortgage due on the mobile home to which he had been awarded title and for which he had been awarded a $19,475.99 judgment to cover such balance due.

At no time did Appellee Bryon Wilson discuss with Appellant or reveal to her his plans with regard to his obligation to pay the mortgage on the Mobile Home to which he had been awarded title in the March 7, 2008 Judgment. In view of the severely strained relationship between Appellant and Appellee, Appellee never spoke and never discussed anything with Appellant and thus Appellant had no information as to what action Bryon Wilson would take, had taken or intended to take with regard to the obligation of the mortgage payment due on the Mobile Home. (CR 125-126, ¶ 24, 25). Appellee never informed Appellant of his intent or actions. (CR 125, ¶ 24).

As a result of Appellee's failure to pay the mortgage on the Mobile Home, the Mobile Home was eventually repossessed and sold after August 24, 2009 (CR 125, ¶ 23), within the 4 year statute of limitations period applicable in this case.

After obtaining the award granted in the Grayson County Judgment, wherein Appellee obtained title to Appellant Allen's Grayson County Property and title to her Mobile Home, Wilson then , unknown to Appellant, recorded the Grayson County Judgment in Red River County against the only other property owned by Appellant. Specifically, Appellee recorded the Judgment was made against Appellant's 40 acre tract of undeveloped land with timber in Bagwell, Red River County (herein the "Red River County Property"). (CR 126, ¶ 27; 182-194).

The Appellant had purchased the Red River County Property in 2002. It contains two (2) adjoining 20 acres tracts. Appellant Allen made monthly payments over a ten-year period to own the property free of mortgage as of October 31, 2013. (CR 126, ¶ 26).

The Grayson County Judgment was rendered on March 7, 2008 and Wilson recorded the Judgment against Appellant's Red River County Property on March 27, 2008, at Vol. 613, p 325, Red River County Records. (CR 126, ¶ 27; 182-194). Appellee did not inform Appellant of this recordal, and Appellant had no reason to suspect that such a recordal had been made. (CR 126, ¶ 27). Appellant did not learn of the recordal until September 2012. (CR 126, ¶ 27).

The Grayson County Judgment, which includes $19,475.99 for the anticipatory breach for the mortgage on the Mobile Home, an obligation which Wilson never satisfied, was recorded against Appellant's Red River County Property with the specific intention of burdening that property, knowing that Appellant was financially unable to pay $19,475.99 but realizing that the

Judgment would grow (due to the interest accruals) to an amount that will eventually exceed the value of the Red River County Property. As can be seen from the Judgment, in addition to the $19,475.99 awarded Wilson for the Mobile home balance due, the Judgment awarded interest at 7.25% (CR 137-139) on the Judgment, an amount that is compounded annually. Specifically, the increase in the Judgment amount due to interest is ever increasing, representing a debt that multiplies exponentially year to year. Thus, the interest posted and due on the Judgment amount in the years 2009 through March 8, 2015, has been:

|  |  |
|---|---|
| March 8, 2008 | $0.00 |
| March 8, 2009 | $1,412.01 |
| March 8, 2009 | $1,514.38 |
| March 8, 2011 | $1,624.17 |
| March 8, 2012 | $1,741.92 |
| March 8, 2013 | $1,868.21 |
| March 8, 2014 | $2,003.66 |
| March 8, 2015 | $2,148.93 |

As a result, the Judgment of $19,475.99 on March 8, 2008, now has increased, as Appellee intended and foresaw, to $31,789 as of March 8, 2015 due to interests accumulation. By the time Appellant is ready for retirement on her 65th birthday in the year 2040, the Judgment will have mushroomed to $182,899, far in excess of the value of the Red River County Property.

As shown by these facts, Appellee has caused the Appellant to sustain a daily increased injury which continues to this day. The yearly increase is real, measurable, and exponentially increasing. It is also directly attributable to the Appellee's acts.

Based on these facts, and after having learned of the recordal of the Grayson County Judgment against Appellant's Red River Property, Appellant filed suit against Appellee on April 8, 2013. Appellant, in her First Amended Original Petition, alleged six causes of actions, namely (CR 40-51):

- Fraud For Failure To Pay The Mortgage Due On The Mobile Home
- Fraud For Recordal Of The Red River County Property Lien Without Intent To Pay The Mortgage Due On The Mobile Home
- Unjust Enrichment For Failure To Pay The Mortgage Due On The Mobile Home
- Unjust Enrichment By Recordal Of The Red River County Property Lien Without Intent To Pay The Mortgage Due On The Mobile Home
- Unjust Enrichment From Payment Made By Appellant For Appellee's Benefit
- For Restitution For Failure To Pay The Mortgage Due On The Mobile Home

Appellee filed Defendant's First Motion for Summary Judgment on May 5, 2015 (CR 60) and Defendant's Amended First Motion for Summary Judgment (CR 197-207) on June 8, 2015, alleging that each cause of action was barred by Statutes of Limitations. A hearing was set and arguments heard on June 8, 2015 (RR 1-33). The Court issued its Judgment in favor of Appellee on August 27, 2015 (CR 212). This appeal was timely filed on September 2, 2015 (CR 213-214).

## SUMMARY OF THE ARGUMENT

A.  There is a genuine issue of material fact as to when Appellant's causes of action for fraud accrued and whether they accrued outside the 4 years statute of limitations, namely more that 4 years before April 8, 2013 (before April 8, 2009).  Appellee Wilson failed to conclusively show the date on which the statute of limitations period commenced.  In Appellee's initial Motion for Summary Judgment, Appellee alleged that Appellant's causes of action accrued on April 4, 2008, stating "Accordingly, it was on April 4, 2008 when all six of Allen's causes of action accrued …." (CR 67-68).  Faced with clear evidence submitted in response by Appellant demonstrating that such a claim was clearly untrue, Appellee's counsel argued at the hearing (for the first time) that the accrual date must then be February 17, 2009 (RR 9, 23).  This inability of the Appellee to identify when the cause of action accrued clearly defeats Appellee's motion.  Indeed, the causes of action for fraud did not accrue until after August 24, 2009.  At a minimum, there is a genuine issue of material fact as to the date of accrual.  And clearly Appellee failed to demonstrate Appellant's causes of action accrued outside the limitations period.  Unless the summary judgment record conclusively shows commencement of the limitations period before April 8, 2009, the movant failed to meet his burden and the Judgment must be overturned.

B.  Appellee's acts have caused an ongoing ever increasing injury that precludes the running of the statutes of limitations.  Appellee purposefully recorded the March 2007 Judgment against Appellant's real property knowing that it would cause ongoing, ever increasing injury.  Specifically, Appellant has pled causes of action based on Appellee's intentional misuse of the Judgment.  From this misuse, the Appellee's acts have had and were intended to have a recurring effect and increasing and repeated injury for each and every year up until the present.  Thus, the Appellee has failed to conclusively establish the asserted causes of action accrued outside of either the 2 year or 4 year applicable limitations periods.

C.  Appellant's cause of actions based on the wrongful recordal of the Grayson County Judgment did not accrue until Appellant became aware of the recordal against here Red River County Property, namely in September 2012.  Thus, the causes of action based on the Appellee's wrongful recordal of the Judgment had not run as of the date of Appellant's suit filed on April 8, 2013 (CR 5-8).

## ARGUMENT

A.      The Appellee Carries the Burden of Pleading, Proving and Securing Findings to Support His Motion for Summary Judgment

The statute of limitations is an affirmative defense, and Appellee  Wilson has the burden to plead, prove, and secure findings to support the defense.    See Tex.R. Civ. P. 94; Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988); Solares v. Solares, 232 S.W.3d 873, 878 (Tex.App.—Dallas 2007, no pet.).  When an Appellee seeks a summary judgment on the ground that the Appellant's cause of action is barred by a statute of limitations, it is the Appellee's burden to conclusively establish the applicability of the statute.  Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975); see also Weaver v. Witt, 561 S.W.2d 792 (Tex. 1977).  Thus, Appellee Wilson must conclusively show the date on which the statute of limitations period commenced.  Delgado v. Burns, 656 S.W.2d 428 (Tex. 1983).  Unless the

summary judgment record conclusively shows that the cause of action accrued outside the limitations period, the movant has not met his burden. Delgado, 656 S.W.2d at 428.

For Appellee to prevail, the cause of action accrual date must be outside the statute of limitations period. The statute of limitations does not begin to run until the cause of action accrues. See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514 (Tex. 1998). The question of when a cause of action accrues is generally one of law for the courts to determine, (see Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003) (citing Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990)), but the question necessarily relies on facts regarding the claim and injuries caused thereby. See Abbott v. City of Kaufman, 717 S.W.2d 927 (Tex.App.-Tyler 1986, no writ); see also Holmes v. Canlen Management Corp., 542 S.W.2d 199 (Tex.Civ.App.-El Paso 1976, no writ); Gottlieb v. Hofheinz, 523 S.W.2d 7 (Tex.Civ.App.-Houston 1975, writ dism'd).

### B. Appellee's Motion For Summary Judgment Should have been Denied For Failure To Meet The Burden Of Showing that the Appellant's Causes Of Action Did Not Accrue Within the Limitations Period

To prevail on a summary judgment motion, the movant must establish as a matter of law his entitlement by conclusively proving that no genuine issue of material fact exists as to his cause of action or defense. Delgado v. Burns, 656 S.W.2d 428 (Tex. 1983).; City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex. 1970); Tex.R.Civ.P. 166a(c). Appellee's motion based on the running of the statute of limitations is an affirmative defense, and thus Appellee has the burden to plead, prove, and secure findings to support the defense. See Tex.R. Civ. P. 94 (limitations is affirmative defense); Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988); Solares v. Solares, 232 S.W.3d 873, 878 (Tex.App.—Dallas 2007, no pet.). When an Appellee seeks a summary judgment on the ground that the Appellant's cause of action is barred by a statute of limitations, it is the Appellee's burden to conclusively establish the applicability of the statute. Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975); see also Weaver v. Witt, 561 S.W.2d 792 (Tex. 1977). The question necessarily relies on facts regarding the claim and injuries caused thereby. See Abbott v. City of Kaufman, 717 S.W.2d 927 (Tex.App.-Tyler 1986, no writ); see also Holmes v. Canlen Management Corp., 542 S.W.2d 199 (Tex.Civ.App.-El Paso 1976, no writ); Gottlieb v. Hofheinz, 523 S.W.2d 7 (Tex.Civ.App.-Houston 1975, writ dism'd).

Clearly, Appellee's pleadings do not affirmatively show that the limitations periods had expired on the date Appellant's suit was filed April 9, 2013. The Appellant's pleading, given a liberal construction, alleges that the Appellee failed to pay off the mortgage due on the Mobile Home causing her injury. However, contrary to Appellee's assertion, Appellant had no information as to when or how Appellee would satisfy this obligation. Construing the relevant allegations in the Appellant's petition liberally, as the Court must do here, there is indeed a fact question as to when Appellant had "given up the Mobile Home" and was refusing to pay off the Mobile Home mortgage and thus when the causes of action based on this refusal accrued. See Abbott v. City of Kaufman, 717 S.W.2d 927 (Tex.App.-Tyler 1986, no writ); see also Holmes v. Canlen Management Corp., 542 S.W.2d 199 (Tex.Civ.App.-El Paso 1976, no writ); Gottlieb v. Hofheinz, 523 S.W.2d 7 (Tex.Civ.App.-Houston 1975, writ dism'd). Such is the case here.

To prevail, Appellee must establish that the causes of action accrued outside the limitations period and that such date is established without raising any genuine issue of material fact. Delgado v. Burns, 656 S.W.2d 428 (Tex. 1983). Unless the summary judgment record conclusively shows that the causes of action accrued on a specific date outside the limitations period, the movant has not met his burden. See Delgado, 656 S.W.2d at 428.

C.      Appellee failed to Establish that the Causes of Action Based on Fraud accrued outside the applicable 4 year Statute of Limitations.

In his Motion for Summary Judgment, Appellee alleged that the 4 year statute of limitations (Tex. Civ. Prac. & Rem § 16.004) had expired as of the date of Appellant's suit. Appellee initially premised his Summary Judgment Motion entirely on the following faulty conclusion:

> "The summary judgment evidence is clear, it is unambiguous, and there is no genuine issue that Wilson's judgment against Allen was entered March 7, 2008, that he filed his remittitur with the Court on March 7, 2008, that he did not pay Green Tree after entry of the judgment and that Allen knew he was not paying Green Tree when she made payment to Green Tree on April 4, 2008. **Accordingly, it was on April 4, 2008 when all six of Allen's causes of action accrued** …."

(CR 67-68; emphasis added).

Appellee further represented in his affidavit in support of his Motion that:

> "**By the time of the February 2008 trial,….I elected to give up the manufactured home**".

(CR 90, ¶ 27; emphasis added).

Contrary to the assertions made by Appellee in his Affidavit and stated as the sole basis for his Motion, Appellee **did make payments to Green Tree on the Mobile Home, or payments were made on his behalf by his lessee, after April 4, 2008**. (CR 123-124, ¶¶ 16, 17; 162; 196). After the March 8, 2008 Judgment, Appellee Wilson leased or contracted to sell the Mobile Home and 5 acres to his other sister Monica Wilson, who moved into the Mobile Home with her family. (CR 123-124, ¶ 16). Monica Wilson and her family lived in the Mobile Home throughout 2008 and vacated the home thereafter. (CR 123-124, ¶ 16). During this period, payments on the Mobile Home were made by Appellee or on Appellee's behalf by Monica Wilson to Green Tree through a Western Union account. These payments are recorded on the a report from Western Union showing monthly payments throughout 2008 on account No. 25340364, the account for the Mobile Home. (CR 123-124, ¶ 16). Payments are shown to have been made on May 1, 2008, June 7, 2008, July 12, 2008, August 16, 2008, September 13 2008, October 25, 2008 and November 11, 2008. (CR 123-124, ¶ 16; 162). In fact, the very payment Appellee claims was made by Appellant to Green Tree on April 4, 2008, is shown by evidence of record to have been paid by Monica Wilson, on Bryon Wilson's behalf. (CR 123-124; ¶ 16; 162, 196).

Appellee not only leased the Mobile Home to Monica Wilson who made payment for him throughout 2008, he pledged the Mobile Home in a security agreement to his lawyer on September 2, 2008, for a debt owed. (CR 124, ¶ 18; 165-174). The Mobile Home was pledged as security by Appellee to his lawyer until September 10, 2010, when lien was released by Appellee's counsel. (CR 122, ¶ 8; 175-178).

Thus, Appellee's statements in his Motion for Summary Judgment that no payments were made by him after the February 2008 trial and that he had "elected to give up the manufactured home" as of the trial date, are clearly contrary to evidence and are clearly false.

Faced with the true facts presented by Appellant at the hearing on June 8, 2015, on Appellee's Motion for Summary Judgment, showing that Appellee had indeed not given "up the manufactured home" as of the trial date in February 2008, Appellee's counsel then argued at the hearing (for the first time) that the accrual date must then be February 17, 2009 (RR 9, 23). This inability of the Appellee to identify when the cause of action accrued clearly defeats Appellee's motion. Appellee has not demonstrated Appellant's fraud cause of action accrued outside the limitations period.

Instead the facts demonstrate that given the strained relationship between Appellant and Appellee and the complete lack of communication between them, (CR 125-126, ¶¶ 24, 25), Appellant could not have known when or what payments Appellee would make and Appellant did not know what action he would take, had taken or intended to take with regard to the obligation of the mortgage payment due on the Mobile Home. In fact, the evidence shows that Appellee never communicated his intentions to Appellant. Appellant rightfully expected Appellee to make the mortgage payments, particularly in view of the facts that (i) he was awarded title to the Mobile Home by the Judgment, (ii) he was awarded a judgment of $19,475.99 to cover the balance due, (iii) he had rented the Mobile Home to his other sister after the Judgment; (iv) he and/or she had made payments on the mortgage through at least 2008, (v) there was a Restraining Order in place against Appellant preventing her from entering the Property and giving Appellee the right to make mortgage payments and (vi) Green Tree formally recognized Appellee as the party from whom payments were to be received. (CR 125-126, ¶ 25).

In fact, even to this day, Appellee could claim that he would make payment to Green Tree and certainly **could have made payment up to the date of foreclosure which was not until after August 24, 2009, well within the 4 year limitations period. (CR 125, ¶ 22; 180-181).**

As this Court can appreciate, Appellee held all the cards. He could make some payments, delay payments and then made further payments. Appellee had obtained a Restraining Order against Appellant Allen before the Mobile Home was even awarded to Appellee in the Judgment giving Appellee rights to make payments on the Mobile Home and preventing Appellant from coming onto the land. (CR 122, ¶ 9; 127-129). Through the Judgment, he acquired title to the Mobile Home and property, he then leased the property after the March 7, 2008 Judgment to his other sister, he made payments on the Mobile Home mortgage after the March 7, 2008 Judgment, he never communicated, not even one time with the Appellant Allen informing her of his intentions regarding the property. (CR 125, ¶ 24). Now he expects this Court to believe that

9

Appellant Allen "knew he was not going to pay" the mortgage on the Mobile Home. This assertion is untrue and certainly is not unchallenged – which in itself is sufficient to defeat Appellee's Motion.

Courts have repeated recognized that a potential Appellant can postpone suit rather than be forced to file serial suits in such situations. This view is supported by the strong policy against a multiplicity of suits, as exemplified in the rule against splitting a cause of action. Since early times Texas courts have followed the rule that when a party can enforce his rights by one action, he ought not to be permitted to resort to many. Pitts v. Ennis & Reynolds, 1 Tex. 604, 605 (1846). This rule has been applied in a variety of circumstances, usually to bar a second suit based on the same wrong. See, e. g., Hartnett v. Adams & Holmes Mortgage Co., 539 S.W.2d 181, 184 (Tex.Civ.App. Texarkana 1976, no writ) (wrongful foreclosure based on separate acts or omissions); Martin v. Phillips Petroleum Co., 455 S.W.2d 429, 436 (Tex.Civ.App. Houston (14th Dist.) 1970, no writ) (different legal theory of recovery for same damages); Millers Mutual Fire Insurance Co. v. Mitchell, 392 S.W.2d 703, 705 (Tex.Civ.App. Tyler 1965, no writ) (separate items of damage resulting from same tort); Cormier v. Highway Trucking Co., 312 S.W.2d 406, 407 (Tex.Civ.App. San Antonio 1958, no writ) (personal injury and property damage resulting from same collision).

Under this rule, Appellant might not have been allowed to maintain a separate suit for injury due to Appellee's failure to pay the first or second mortgage payment and then later file suit for additional failures to pay the mortgage payment. In this sense, the cause of action is not complete and does not accrue until the facts support a breach of obligation. Had Appellant actually sued Appellee in April of 2008, he certainly would have then claimed that he intended to pay off the mortgage and that any suit was premature because the Mobile Home had not been repossessed and he had full right and privilege to pay off the note as he saw fit. Until the Mobile Home was repossessed (after August 24, 2009 (CR 125, ¶ 22), and within the 4 year statute of limitations period), Appellee could have argued no cause of action had accrued. In fact, to support such a position, Appellee could have pointed to the payments made throughout 2008 and beyond by his lessee (CR 123-124, ¶¶16, 17; 162;196) who was then residing in the Mobile Home.

In short, Appellee has played fast and loose with the facts and Appellee's version of the facts are clearly contrary to the clear evidence. Because the alleged facts on which Appellee's Motion is premised are untrue, or at a minimum are in dispute, then Appellee's motion should have been denied. Tex. Civ. Proc. Rule 166a(c); Delgado v. Burns, 656 S.W.2d 428 (Tex. 1983). Appellee has failed to meet his burden that the cause of action "accrued" on or before April 8, 2009.

D.    Appellee's Acts have Caused an Ongoing Ever Increasing Injury that Precludes the Running of either the 4 year or 2 years Statute of Limitations.

Appellee purposefully recorded the Grayson County Judgment knowing that it would caused ongoing, ever increasing injury. Specifically, Appellant has pled causes of action based on Appellee's intentional misuse of the Judgment. From this misuse, the Appellee's acts have had and were intended to have a recurring effect and increasing and repeated injury for each and

every year up until the present. Thus, the Appellee has failed to conclusively establish a specific beginning date for the limitations periods.

The statute of limitations applicable to actions in Texas are set forth in Chapter 16 of the Texas Civil Practice and Remedies Code. Civil Practice and Remedies Code, §16 et seq. As Appellee has admitted, both the four-year and two-year limitations periods apply to the alleged causes of action. (CR 64-65; Appellee's First Motion for Summary Judgment, pp. 5-6; Civil Practice and Remedies Code § 16.004.) As provided for in §16.004, a person must bring suit on the action no later than four years after the date the cause of action accrues. Here, the Appellee argues that all causes of action advanced in this case accrued in 2008. However, Appellee's argument fails to recognize the totality of the acts of Appellee and the injury caused. The injury perpetrated by the Appellee on the Appellant is one that is ongoing and increasing year-to-year in view of the Appellee's misuse of the 2008 Judgment. In this case, the Appellee's wrongful acts were clearly not complete outside the statutory period because they are part of an ongoing course of conduct. This is clearly seen by the ever increasing yearly burden attributable to the Appellee's wrongful acts. Thus, in this case Appellant's injuries are attributable to the cumulative effect of the continuing conduct. Here, the limitations periods had not run until the activity ceases. See. Twyman v. Twyman, 790 S.W.2d 819, 821 (Tex. App.–Austin 1990, rev'd on other grounds, 855 S.W.2d 619 (Tex. 1993).

As shown below, Appellee's actions were calculated to and have caused and are causing injuries within the statute of limitations. The Grayson County Judgment, which includes $19,475.99 for the anticipatory breach for the mortgage on the mobile home, an obligation which Wilson never satisfied, as he has admitted in his Affidavit in support of his Motion, was recorded against Appellant's Red River County Property with the intention of burdening that property, knowing that his sister was financially unable to pay $19,475.99 but realizing that the Judgment would grow (due to the interest accruals) to an amount that will eventually exceed the value of the Red River County Property. Specifically, the Judgment with interest represents an ever increasing debt that multiplies exponentially year to year as shown in the following graphs:

Graph Showing the Judgment Increase Each Year



11

The yearly interest posted in the years 2009 through March 8, 2015, has been:

March 8, 2008          $0.00
March 8, 2009          $1,412.01
March 8, 2009          $1,514.38
March 8, 2011          $1,624.17
March 8, 2012          $1,741.92
March 8, 2013          $1,868.21
March 8, 2014          $2,003.66
March 8, 2015          $2,148.93

As a result, the Judgment of $19,475.99 rendered on March 8, 2008, now has grown to $31,789 as of March 8, 2015 due to interest accumulation. In graph form, this increase is shown in the following illustration:



As of March 8 of Each Year

These illustrations reveal the ongoing and ever increasing burden on the Red River Property having increased from an initial Judgment of 19,475.99 in the year 2008 to $31,789 in the year 2015. In the years 2012, 2013, 2014 and 2015, the Judgment has increased by $1,741.92, $1,868.21, $2003.66 and $2,148.93, respectively.

As is evident from these undisputable facts, the Appellee's strategy has caused the Appellant to sustain an ongoing and ever increasing injury occurring in each year since 2008 including in each of the last four (4) years. Because Appellant's claim is for the damages resulting from Appellee's calculated acts that have resulted in (as intended) ongoing injury to this very day, the statute of limitations cannot be applied to bar Appellant's claims.

Courts have clearly recognized that such acts overcome the statute of limitations defense raised in Appellee's motion. Specifically, the statute of limitations starts at the time of the violation. In cases where the violation has been ongoing as a series of injuries, the series must be treated as a whole and the statute of limitations commences at the last violation. Texas courts first recognized the tolling concept of continuing tort in trespass to land and nuisance cases. Creswell Ranch & Cattle Co. v. Scoggins, 39 S.W. 612 (Tex.Civ.App.1897, no writ). In

Creswell, the Court found that a continuation of a trespass on property gave rise to a cause of action whose limitations does not run until the trespass is removed. This is clearly analogous to the present case where Appellee Wilson intentionally and wrongfully recorded the Judgment against Appellant's Red River County Property and particularly where the burden of the recordal has grown exponentially each year since. Appellee cannot legitimately argue that allowing livestock to trespass on property is different from recording a lien (in effect trespassing) on property and particularly whereas here, such burden is growing exponentially. For the same period that livestock in the Creswell case reduced the value of Appellant's land, Appellee's actions here have damaged Appellant's Red River Property by denying the Appellant the ability to sell or mortgage the property burdened by Appellee's lien. And, the burden is ever increasing.

Thus, where a party starts a process that is ongoing causing injury to another, the injured party's cause of action against the person who initiated the act causing the injury is tolled until the injury ceases. See Franzetti v. Franzetti, 120 S.W.2d 123 (Tex.Civ.App.1938, no writ). Adler v. Beverly Hills Hosp., 594 S.W.2d 153 (Tex.Civ.App.1980, no writ).

In deciding whether the statute is suspended the court must consider the circumstances so alleged and asserted as proven. In this case, Appellant alleges that the objective of Appellee was not only to take Appellant's Grayson County Property, but his rush to record the challenged Judgments against the Red River County Property demonstrates his focus on owning it – and he could only do so by imposing the Judgment and increasing interest as shown in the facts presented here.

Specifically, although the statute of limitations accrues at the time of the violation, where the violation has been ongoing as a series of injuries, the series must be treated as a whole and the statute of limitations commences at the last injury. Twyman v. Twyman, 790 S.W.2d 819, 821 (Tex. App.–Austin 1990, rev'd on other grounds, 855 S.W.2d 619 (Tex. 1993). This is precisely the case here.

As a result, even the two statute of limitations does not bar Appellant's claim brought in this action and Appellee's Motion for Summary Judgment should have been denied.

E. <u>Appellant was Not Aware of Appellee's Wrongful Recording of the Grayson County Judgment against her Red River County Property and Had No Reason to Be Aware of Same before Commencement of the Limitations Periods.</u>

Appellant asserts a claim for fraud (Appellant's Second Cause of Action) and unjust enrichment (Appellant's Fourth Cause of Action) as a result of Wilson's recordal of the March 7, 2008, Grayson County Judgment against her property in Red River County on March 27, 2008, while knowingly refusing to pay off the Mobile Home balance. (CR 40-51).

On March 27, 2008, without any notice to Appellant Allen, Appellee recorded the March 7, 2008 Grayson County Judgment he obtained against Allen against her property in Red River County. Appellee Wilson has been advantaged, to Appellant's detriment, by having a Judgment Lien in the amount of $28,499 (or $19,475.99) wrongfully recorded against the Red River Property while knowingly refusing to pay off the Mobile Home balance. Additionally, Wilson has been unjustly enriched at the expense of Appellant Allen.

Allen had no notice that Wilson did or expectation that he would record such Judgment against her property in this County. (CR 126, § 27). At the time of the recordal, Appellee was indeed apparently paying off the Mobile Home Mortgage. Appellant did not learn of the recordal until September 2012, well within the limitations periods for all of Appellant's causes of action.

To clarify the burden of pleading and proving the applicability of the Discovery Rule in summary judgment cases, the burden rests upon the movant Appellee to not only plead limitations, but to negate the discover rule. This is because "the presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear." Missouri-Kansas-Texas Railroad Co., v. City of Dallas, 623 S.W.2d 296, 298 (Tex. 1981). While a party seeking to avail itself of the discovery rule must plead the rule, such pleading may naturally be in response to a Appellee's assertion of the defense as a matter in avoidance. Tex.R. Civ. P. 94; Peggy Woods, C.R.N.A., v. William M. Mercer, et al., 769 S.W.2d 515, 518 (1988); Weaver v. Will, 561 S.W.2d 792 (Tex. 1977). Initially, however, the burden is on the Appellee to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the Appellant discovered or should have discovered material facts. Woods, 769 S.W.2d at 794.

Here, Appellant Allen directly challenged Appellee's unsupported assertion that Allen should have known of Appellee's recordal of the Judgment against her property in 2008. She had no reason to make such an investigation. Indeed, in March of 2008, and thereafter, Appellee made payments against the Mobile Home mortgage but then stopped leaving the Mobile Home to be repossessed. Appellant did not become aware of Appellee's actions using the Judgment against her until September of 2012, when she found that Wilson had recorded the Grayson County Judgment against her Red River County Property. Appellee never informed Appellant of this recordal and she had no reason to suspect that such a recordal had or would have been made. (See CR 126, ¶ 27).

Thus, Appellant's cause of actions based on the wrongful recordal of the Grayson County Judgment (which Appellee failed to fully satisfy) did not accrue until Appellant became aware of the recordal against her Red River County Property, namely in September 2012. Thus the causes of action based on the Appellee's wrongful recordal of the Judgment had not run as of the date of Appellant's suit filed on April 8, 2013. (CR 5-8).

## **PRAYER FOR RELIEF**

Recognizing that there are genuine issue of material facts that are in dispute as to whether the statutes of limitations bar Appellant's claims, Appellant Sharleen Allen respectfully, for the reasons stated above, asks the Court to reverse the Judgment of the trial court and remand the case for trial.

Respectfully submitted,

 /s/ Charles S. Cotropia
Charles S. Cotropia
Texas Bar No. 04858600
2001 Ross Ave., Ste. 3600
Dallas, Texas 75201
Tel. (214) 981-3305
Fax. (214) 981-3400
Ronald W. Uselton
Texas Bar No. 20415775
402 W. Lamar, Ste. 101
Sherman, Texas 75090
Tel. (903) 893-9624
Fax. (903) 813-0306
Attorneys for Appellant
SHARLEEN WILSON ALLEN

15

NO. <u>CV03085</u>

| | | |
|---|---|---|
| PAUL ALLEN AND SHARLEEN WILSON ALLEN | § § § | IN THE DISTRICT COURT |
|    Plaintiffs, | § § | |
| vs. | § § | 6TH JUDICIAL DISTRICT |
| BRYON WILSON | § § | |
|    Defendant | § | OF RED RIVER COUNTY, TEXAS |

## FINAL SUMMARY JUDGMENT

On June 8, 2015, the Court heard the motion for summary judgment filed in this cause by defendant Bryon Wilson. The Court, after examining the pleadings timely filed, the amended motion for summary judgment, the response and supplemental response filed by plaintiff Sharleen Allen, and the summary judgment evidence admitted for consideration, determined that Bryon Wilson is entitled to summary judgment as follows:

IT IS THEREFORE ORDERED that defendant Bryon Wilson's motion for summary judgment, as amended, is GRANTED and that plaintiff Sharleen Allen take nothing against defendant Bryon Wilson, that all claims asserted by plaintiff are denied, and that all costs of court be taxed against plaintiff.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on _____8/27_____, 2015.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Donald Johnston, *Attorney for Defendant*

_____
Charles S. Cotropia, *Attorney for Plaintiff*

212

16

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Appellant's Brief on Appeal was served upon all parties or their counsel of record in accordance with the Texas Rules of Civil Procedure on the 18th day of December, 2015.

Donald Johnston
306 N. Travis Street, Ste. 102
Sherman, Texas 75090
Tel. 903 891-9840
Fax 903 891-4051
DJohnston50@verizon.net

Scott Smith
120 South Crockett Street
P.O. Box 354
Sherman, Texas 75091-0354
smithlaw@airmail.net
Tel.(903) 868-8686
Fax (903) 870-1446

/s/ Charles S. Cotropia
Charles S. Cotropia